## WAGER *vs.* STICKLE and others.

Where a default has been entered contrary to a verbal agreement entered into between the solicitors for the respective parties, the court cannot take such agreement into consideration in deciding upon the regularity of the default, if the objection is insisted upon, that the agreement was not in writing, or in conformity to the 121st rule.

The court will, however, take into consideration the fact that the solicitor relied upon such verbal agreement, when that fact is set up merely as an excuse, to enable the party to have the default set aside upon the merits, and upon the usual terms.

THIS was an application to set aside an order taking the bill as confessed. The default of the defendant was occasioned by the supposition on the part of his solicitor that he had made an agreement with the solicitor of the adverse party, by parol, to extend the time for answering. The defendant swore to a defence on the merits ; and that he had also applied to the solicitor of the adverse party to waive the default, and had offered to pay the costs of such default, and to stipulate to expedite the proceedings so as to prevent any injury from the delay.

*A. P. Holdridge*, for the complainant.

*Killian Miller*, for the defendants.

THE CHANCELLOR. The object of the 121st rule was to preclude the parties from raising the question, upon affidavits, as to the fact of an agreement, or consent, relative to the proceedings in a cause, which was not evidenced by writing ; and thus to relieve the court from the necessity of settling such a question upon conflicting affidavits, as well as to prevent controversies between the solicitors. Much of the contention between gentlemen of the profession arises out of parol agreements of this kind, and is produced by a misapprehension, by one party, as to what was actually intended to be conceded, or

agreed to, by the solicitor on the other side.    To prevent such a result, whenever the parties intend to adopt a course of proceedings in a cause different from what is required by strict practice according to the rules of the court, the solicitor for each party, whether he is granting an indulgence to his adversary, or receiving a favor from him, should be careful to have the agreement reduced to writing, so that there can be no misunderstanding as to the precise meaning and extent of the same. And no solicitor should, by a verbal stipulation, place himself in a situation where his duty to his client, who may have acquired rights in conformity with the settled principles and practice of the court, will come in conflict with an honorary obligation which such solicitor may have contracted with the solicitor of the adverse party.   In cases like the one now under consideration, if the verbal agreement is denied, or even if it is admitted and the objection is made that it was not in writing, so far as the question of regularity is concerned the court must consider the agreement as not existing.   If the court is satisfied, however, that a party has acted on the supposition that such an agreement had been made, although he may have been mistaken in point of fact, it may be sufficient to excuse his default, and to entitle him to relief upon equitable terms.

In this case the defendants swear to merits ; and upon looking into their answer there is a probability that they have an equitable defence to some part of the claim set up in the complainant's bill.   As the default is satisfactorily accounted for, it is a matter of course to permit the defendants to make their defence upon equitable terms.   But as the order to take the bill as confessed is technically regular, they cannot be permitted to insist upon any grounds of defence which are in the nature of a penalty or forfeiture.   They will not, therefore, be let in to a defence of usury, so as to deprive the complainant of the amount actually due, with legal interest thereon.   The defendants are to be permitted to serve a copy of the answer, which has been already filed by them, upon payment of the costs of entering the order to take the bill as confessed, and the costs of all subsequent proceedings in the cause, previous to the 28th of June last ; and upon their delivering to the solicitor for the complainant a stipulation not to

insist upon the defence of usury, so far as relates to the amount actually due and the legal interest thereon ; but reserving to the defendants the right to insist upon that defence as to any excess or usurious premium included in the mortgage or securities in the complainant's bill mentioned, or which has been paid by the defendants, or either of them.