## Case No. 5,908.

### HALDERMAN v. HALDERMAN.

[Hempst. 407.] [1]

Circuit Court, D. Arkansas. April, 1839.

BILL IN EQUITY—JUDGMENT BY CONFESSION.

1. Before a bill can be taken for confessed, the defendant must have been ruled to answer, according to the seventeenth rule of equity adopted in 1822. 7 Wheat. [18 U. S.] 5.

2. The eighteenth rule commented on and construed in relation to filing answer.

1 [Reported by Samuel H. Hempstead, Esq.]

3. A court of equity would not permit a bill to be taken for confessed, when at the same time the defendant offers to file his answer; but the court can impose terms on the defendant.

[See Case No. 5,909.]

[Bill in equity by John Halderman against Peter Halderman.]

F. W. Trapnall and John W. Cocke, for complainant.

A. Fowler, for defendant.

JOHNSON, District Judge.—This is a motion by the complainant to take the bill for confessed, and to reject the answer of the defendant, which he now offers to file, on the ground that the time allowed by law for filing the answer has elapsed. The bill was filed on the 30th of November last, and the subpoena made returnable to the first day of the present term, which commenced on the fourth Monday in March last, and was duly executed on the defendant on the 12th day of February of the present year. The sixth rule of practice for the courts of equity of the United States, prescribed by the supreme court of the United States in 1822 (7 Wheat. [20 U. S.] 5), provides, that "if the defendant shall not appear and file his answer within three months after the day of appearance, and after the bill shall have been filed, the plaintiff may proceed to take his bill for confessed, and the matter thereof shall be decreed accordingly." A question here arises, What proceeding on the part of the plaintiff is necessary in order to entitle him to take his bill for confessed? The answer is furnished by the seventeenth rule of the supreme court, which provides, "that rules to plead, answer, reply, and rejoin, when necessary, shall be given from month to month, with the clerk in his office, and shall be entered in a rule book, for the information of all parties, attorneys, or solicitors concerned therein, and shall be considered as sufficient notice thereof." Before any proceeding can be taken by the plaintiff, on account of the failure of the defendant to file his answer, he must give the rule to answer as prescribed in the above rule of practice. If this is not required, the seventeenth rule of practice is useless, and destitute of any sensible meaning whatever. In this opinion, I am sustained by Judge Washington, in the case of Pendleton v. Evans [Case No. 10,920], who says: "I hold it to be indisputable to the success of the application to take the bill for confessed, that the defendant should have been ruled to answer under the seventeenth rule of the court." He further remarks in the same case, that "the rules do not require that the bill should be set down for hearing in order to the decree nisi being made; but as the court, according to the English practice, is to pronounce the decree, and not to permit the plaintiff to take such a decree as he is willing to abide by, there seems to be a propriety in removing the cause from the rule docket to that of the court, by setting

11FED.CAS.—12

down the cause for hearing. This will operate, too, as an additional notice to the defendant, without producing any additional delay." Upon this point, in relation to the necessity of setting down the cause for hearing upon the court docket, I withhold the expression of any positive opinion, merely observing that I do not at present very clearly perceive its utility. It may be further remarked, that by the eighteenth rule of the court, the defendant is allowed, at any time before the bill is taken for confessed, or afterwards with the leave of the court, to demur or plead to the whole bill or part of it, and he may demur to part, plead to part, and answer as to the residue.

Now it must be admitted that an answer to the whole bill is not enforced by the letter of the above rule; but it is difficult to perceive any good reason why the defendant shall not be permitted to file his answer to the whole bill, when he is allowed to demur or plead to the whole bill or part of it, and demur to part, plead to part, and answer as to the residue. By a liberal construction of the rule, it seems to me that an answer to the whole bill is as clearly allowed as a demurrer or plea to part, and an answer as to the residue. Indeed, it seems to me that in no case would a court of equity permit a bill to be taken for confessed, when at the same time the defendant appears and tenders his answer. In such cases, it is always in the power of the court to impose terms upon the defendant, and thus in some degree compensate the plaintiff for the laches of the defendant. 1 Dickens, 70; 3 Paige, 408; 6 Paige, 377. The motion to reject the answer is overruled, and the same is ordered to be filed.

[See Case No. 5,909.]