MARGARET J. WALDRON *vs.* CITY OF ST. PAUL.

January 10, 1885.

33  87
46  312
33  87
72  157

Change of Venue—Wrong County—Laches of Defendant.—An action having been commenced in another county than that of the defendant's residence, the neglect of the defendant for seven months after the joining of issue to move for a change of venue considered, with other circumstances, as justifying the court in refusing the motion, in view of the provisions of rule 21 of the district court, although plaintiff's attorney had, before the joining of issue, *verbally* agreed to stipulate that the venue be changed. The denial of a motion, after such laches, for change of venue on the ground of the convenience of witnesses, sustained.

Deposition—Effect of Irregularity of Notice.—An error, in a notice of the taking of a deposition, in the name of a witness proposed to be examined, *held* no ground for excluding the deposition, the adverse party having appeared and cross-examined the witness. Gen. St. 1878, *c.* 73, § 39.

Evidence—Damages—Personal Injuries.—Evidence considered as to its admissibility, and as sustaining a recovery of damages for injuries caused by the negligence of a municipal corporation in respect to the condition of a sidewalk.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for personal injuries occasioned by a defective sidewalk in the city of St. Paul. The summons was served on February 15, 1883, and on February 27, 1883, the defendant served a demand in writing for a change of venue. After the case was at issue, and on October 8, 1883, the defendant, upon affidavits alleging the facts set out in the opinion, moved for an order changing the venue, which motion was denied by *Koon*, J. The case having been tried before *Young*, J., and a jury, plaintiff had a verdict for $2,000. Defendant appeals from an order refusing a new trial.

*W. P. Murray*, for appellant.

*Woolley & Reed*, for respondent.

DICKINSON, J.[1]  Action to recover for personal injuries alleged to have been caused by a defective sidewalk in the city of St. Paul.

[1] Gilfillan, C. J., did not hear the argument, and took no part in this case.

1. In commencing this action the plaintiff laid the venue or place of trial in the county of Hennepin. The defendant, a municipal corporation in the county of Ramsey, was entitled to have the action transferred to and tried in that county. Gen. St. 1878, c. 66, § 49. Before the expiration of the time for answering, a demand was made upon the plaintiff's attorney, as provided by statute, that the venue be changed. No application was made to the court for an order changing the venue until more than seven months after the making of the demand upon the plaintiff's attorney, nor until about seven months after issue was joined in the action. The application was then denied. This is now assigned as error. It appeared, by affidavits presented upon the hearing of the motion, that when service of the demand upon plaintiff's attorney was made, the latter stated that he was very busy and could not then wait to prepare and sign a stipulation for the transfer of the action, but that he would sign such a stipulation at any time, and that it was not necessary that a motion be made.

The cause was at issue, as we understand, prior to the May term of the court held in Hennepin county, but no proceedings were had in the action until some time prior to the October term in that county. It was then noticed for trial at that term on the part of the plaintiff. After such notice of trial the defendant made the motion referred to. Two terms of the court in Ramsey county had then passed (May and September terms) since the joining of issue, and another term would not convene in that county until January in the following year. The statute makes no provision as to the time within which application shall be made to the court for an order changing the place of trial in such cases; but by rule 21 of the district court it is provided that "a change of venue or place of trial will not be granted unless the party applying therefor uses due diligence to procure the same within a reasonable time after issue joined in the action, and the ground for the change shall have come to the knowledge of the applicant. Nor will a change be granted where the other party will lose the benefit of a term, unless the party asking for such change shall move therefor at the earliest reasonable opportunity after issue joined and he shall have information of the ground of such change." The verbal

agreement of the plaintiff's attorney, assuming it to have been made as alleged, was of no effect, and the court could not regard it or enforce it as an agreement or stipulation. Gen. St. 1878, *c.* 88, § 9; *Wager* v. *Stickle*, 3 Paige, 407. The court might, however, regard the alleged agreement when presented as an *excuse* for laches which had been induced thereby. *Wager* v. *Stickle, supra.* But, allowing consideration to be given to it for this purpose, the learned judge, to whose discretion the motion was largely addressed, was justified in concluding that the long delay of the defendant to proceed to secure a change of the place of trial, either by proper stipulation or by motion, was unexcused. To have allowed the motion at the time when it was made, would have postponed the trial to January, and deprived the plaintiff of the benefit of the earlier trial to which the latter part of the rule entitled her.

2. After the denial of the above motion, the defendant moved that the place of trial be changed for the convenience of witnesses. For the reasons already suggested, and in view of the terms of the rule, no abuse of discretion appears in the denial of this motion.

3. Before the trial, the plaintiff served notice, as required by statute, that the depositions of certain persons, one of whom was designated as "H. F. Ditto," would be taken in the state of Missouri. At the time and place indicated in the notice, the deposition of one *Abraham F. Ditto* was taken on the part of the plaintiff, counsel on the part of the defendant being present and cross-examining the witness. Upon the introduction of this deposition in evidence upon the trial, the defendant interposed objections on the ground that the notice designated H. F. Ditto as the person whose deposition was to be taken. The objection was properly overruled. The statute (Gen. St. 1878, *c.* 73, § 39,) declares that "no informality, error, or defect in any proceeding under this statute shall be sufficient ground for excluding the deposition, unless the party making objection thereto shall make it appear to the satisfaction of the court that   *   *   *   such party was, by such informality, error, or defect, precluded from appearing and cross-examining the witness."

4. The testimony of the plaintiff's witness, Mary A. Wise, as to how long the broken plank described by her had been in the condition

indicated, was admissible. Although she did not see the accident, the locality which she describes is very closely identified by her testimony with that where the accident occurred; and that the defect of which she testified was the defect to which the accident is ascribed, is sufficiently apparent from its similarity, from the fact shown that there was no other broken plank there, and that it was replaced by a new plank very soon after this accident, as was shown, also, to have been the case in respect to the defective plank which caused the accident.

5. The testimony of two witnesses goes to show that the defect had existed for several weeks prior to the accident, and that it was apparent. The evidence sustains the conclusion of the jury that it had existed for such a period of time that the city was chargeable with notice of it.

6. We cannot declare the damages awarded ($2,000) to be excessive. The evidence tended to show that the accident resulted in an incurable affection of the spinal cord, which will always seriously impair the plaintiff's physical powers, and cause permanent suffering.

Order affirmed.