ROBERT B. LANGDON and others *vs.* JOHN B. NORTHFIELD and others.

February 7, 1890.

**Railway Construction Contract—Taking Work from Contractor and Finishing it—Measure of Contractor's Liability.**—The contract between the parties (by which the defendants agreed to construct or grade a portion of a railway, 85 per cent. of the contract price to be paid by plaintiffs monthly on the monthly estimates of the engineer, the remaining 15 per cent. to be retained until the final estimate, after the work was completed) contained a provision that if the defendants neglected or refused, after notice, to proceed with the work as fast as, in the opinion of the plaintiffs or of the chief engineer of the railway company, was necessary for its completion within a time specified in the contract, then the plaintiffs might "employ other parties to execute any part of the work, *and charge the cost of the same to the defendants, to be deducted out of the retained percentage, or out of any payment that shall have become due on any former estimate, or that may become due on any subsequent estimate."* *Held,* that the defendants' liability to reimburse the plaintiffs for the cost of executing a part of the work is not limited to the amount due defendants on the contract retained in the hands of the plaintiffs.

**Same—Effect of Provision Making Railway Engineer an Umpire.**—Provisions in such contracts constituting the chief engineer of the railway company umpire to decide all matters, arising or growing out of the contract between the parties, are valid and binding; and the decision of the umpire in any matter within his authority, under the terms of the contract, is conclusive upon the parties, in the absence of fraud, or such gross mistake as would imply bad faith or a failure to exercise an honest judgment. Following *St. Paul & Nor. Pac. Ry. Co.* v. *Bradbury, supra,* p. 222.

Appeal by plaintiffs from an order of the district court for Hennepin county, refusing a new trial after a trial before *Rea,* J., and a dismissal ordered at the close of plaintiffs' case.

*J. D. Springer, F. D. Larrabee,* and *H. S. Abbott,* for appellants.

*L. J. Van Fossen* and *Kitchel, Cohen & Shaw,* for respondents.

MITCHELL, J. The parties to this action entered into a railroad construction or grading contract of the usual form, by which the defendants were to construct or grade a certain section of a railroad at a specified schedule of prices for the different classes of work, of which 85 per cent. was to be paid monthly on the monthly approximate estimates of the chief engineer of the railway company, the remaining 15 per cent. to be retained until the final estimate after the work was completed. The contract contained the usual provision making the chief engineer of the railway umpire to decide all matters arising or growing out of the contract between the parties, and that his decision should be final and conclusive. It also contained the further provision "that if the second party [defendants] shall at any time neglect or refuse to proceed with the work as fast as, in the opinion of said chief engineer or the first party, (communicated in writing to the second party,) may be necessary for the completion by the time specified herein, then the first party (plaintiffs) may declare this contract abandoned, and the amount which shall have been retained at the time out of the monthly estimates which have become due at the completion of this contract shall be forfeited to the first party; *or the first party may, at their option, employ other parties to execute any part of the work, and charge the cost of the same to the second party, to be deducted out of such retained percentage, or out of any payment that shall have become due on any former estimates, or that may become due on any subsequent estimate.*" The only question presented by the record on this appeal is the correctness of the construction placed by the trial judge upon the last clause of this provision. The construction of the first clause is not here involved, although, as the law dislikes forfeitures, the courts would, if possible, regard it as mere machinery to enable plaintiffs to complete the work without delay at the risk and cost of the defendants. It undoubtedly contemplates the termination of the contract, and taking the whole work out of the defendants' hands. But the last clause gives the plaintiffs the option of adopting another course, viz., of employing other parties

to execute any part of the work, and charging the cost to the defendants. Had this clause stopped here, there could have been no doubt but that defendants would have been liable to plaintiffs for the entire cost of the work done by them. But evidently what follows was added, not as a limitation upon defendants' liability, but for the benefit and better protection of the plaintiffs by giving them the right to apply towards their own reimbursement any money due or to become due to defendants under the contract, on any past or future estimates. The general rule is that an appropriation of a particular fund to pay a claim, or a promise to pay it out of a particular fund, does not limit the remedy to that fund, but is an absolute covenant to pay, unless there is an express limitation of the liability to the particular fund. The court below was therefore in error in holding "that the contract limits the source of reimbursement to the 15 per cent. held back."

2. As the court reserved its decision upon the admissibility of the award of the chief engineer offered in evidence, and never in fact passed upon the question, there is nothing for us to pass upon on this part of the case. But, in view of another trial, it is proper to say that if the objection had been made, this award should have been excluded, on the ground of variance between the offered evidence and the allegations of the complaint. According to the complaint, the matter submitted to the umpire, and upon which he made an award, was a claim of plaintiffs for overpayment, made by mistake, for work done by defendants under the contract, while the award and accompanying papers show that what was submitted to and passed on by him was a claim for the cost incurred by plaintiffs in employing other teams and men, in pursuance of the provision of the contract already quoted, to execute a part of defendants' job, and which proved to exceed the amount due them at their contract price. A claim of the latter character would clearly be within the authority of the umpire, under the arbitration clause in the contract; and the validity of such stipulations in contracts of this character, and the conclusiveness of the arbitrator's award in the absence of fraud, or such gross mistake as to imply bad faith or a failure to exercise

an honest judgment, are too well settled to any longer admit of doubt. *St. Paul & Northern Pacific Ry. Co.* v. *Bradbury, supra,* p. 222. Hence, for anything that appears from the present record, this award, if properly pleaded, would have been admissible.

Order reversed.