WILLIAM W. McNAMARA *vs.* WILLIAM H. EUSTIS and others.

| 48 | 311 |
| 72 | 157 |

June 8, 1891.

**Change of Place of Trial.**—In an action brought against four defendants in the county wherein one resides, it is not error for the court to deny a motion for change of place of trial to a county agreed upon by three of the defendants, and in which two reside, when the plaintiff will lose the benefit of a term of the court held in the county to which the change is demanded, and where said defendants have neglected to move for a change until the case is called for trial.

**Evidence of Partnership—Declarations of Alleged Partner.**—A declaration of one person that another not present is his partner, is not competent evidence, in proof of partnership, to charge the other, although proper as against the party making the declaration.

Appeal by defendants from an order of the district court for Aitkin and Itasca counties, *Holland*, J., presiding, refusing a new trial after verdict of $137.68 for plaintiff.

*D. F. Morgan,* for appellants.

*Knappen & Dalby,* for respondent.

COLLINS, J. This was an action brought to recover for services alleged to have been performed for defendants as copartners. Defend-

ant Fraser failed to answer. Defendants Eustis, Neal, and Carr answered separately, each denying the alleged partnership and the performance of the services mentioned in the complaint, but a verdict was rendered against them upon the trial. The appeal is from an order denying a new trial.,

1. The district court did not err when refusing to grant the motion for a change of place of trial made by the answering defendants. As Fraser resided in Itasca county, the action was properly brought in the district court for Aitkin and Itasca counties, and was to be tried there, unless the place of trial could be changed upon the ground that Neal, who resided in Rice county, and Eustis and Carr, who resided in Hennepin, all of whom had joined in a demand for a change of the place of trial to the county last mentioned, were entitled to such change by reason of the proviso attached to Gen. St. 1878, c. 66, § 49, by Laws 1881, Ex. Sess., c. 25, § 1. This need not be determined, for, in any event, the motion came too late. The joint demand for change of place of trial was served August 5th, the answers on August 11th. The case was then at issue, and could have been tried at a general term of the district court for Hennepin county, commencing September 9th. The defendants made no effort to obtain a change, however, until the case, being regularly on the calendar at a general term held in Aitkin county, October 13th, was called for trial. In view of rule 21 of the district court, it is obvious that the defendants were not entitled to the change as a matter of right; they had not used due diligence to procure the same. See *Waldron* v. *City of St. Paul*, 33 Minn. 87, (22 N. W. Rep. 4.)

2. Upon the trial plaintiff was permitted, the defendants objecting, to testify as to a declaration said to have been made by the non-answering defendant, Fraser, when neither of the answering defendants were present, to the effect that they were in partnership with him. This was an error which of itself would entitle the defendants to a new trial. A declaration of one person that another, not present, is his partner, is not competent evidence, in proof of partnership, to charge the other, although proper as against the party making the declaration. *Sullivan* v. *Murphy*, 23 Minn. 6; Bates, Partnership, § 1151, and cases cited. The plaintiff was also allowed

to show, under objection, that Neal, none of the other defendants being present at the time, had given instructions to an employe to transact business thereafter in the name of Eustis, Neal & Co., the firm name, according to the complaint; and, further, that he had hired men to work for Eustis, Neal & Co.; and, again, that upon a certain occasion he had stated that "we are doing business as Eustis, Neal & Co." As the trial was proceeding jointly against the answering defendants, Eustis, Carr, and Neal, the testimony was admissible as against the latter. It would not tend, however, to indicate that Eustis or Carr were members of the supposed firm, and, if their counsel feared that it would have that effect on the minds of the jurors, the court should have been requested to charge to the contrary.

3. In view of a new trial, it may be well to say that, although the matter contained in the testimony relative to an assignment by the plaintiff to one Rothschild of the time-check issued to him for the services in dispute, by the Neal & Carr Lumber Company, a corporation, was not pleaded in either of the answers, it was admissible in evidence upon the same ground that the order given by plaintiff to the Hospital Association was admissible, namely, as in the nature of an admission by plaintiff that his services were rendered for the corporation, and not for defendants, as copartners or otherwise.

Order reversed.