WARREN POTTER and Another v. E. G. HOLMES and Another.

May 2, 1898.

Nos. 11,074—(92).

72 153
s74 509
74 513
72 158
f78 161

### Order Overruling Demurrer to Amended Complaint—Appeal—Review.

Whether the court erred in allowing an amended complaint, and whether it erred in denying a motion to set aside the order allowing the same, cannot be considered on an appeal from an order overruling a demurrer afterwards interposed to such complaint.

### Change of Venue—Demand—Laws 1895, c. 28—"Time for Answering"—Amendment of Complaint.

Neither of the defendants resided in the county in which this action was brought. When the same was commenced, they duly demanded that the place of trial be changed to the county in which one of them resided, and made a motion for that purpose on the proper affidavit. Before the hearing, the motion was abandoned. They subsequently answered the complaint, went to trial, and a verdict was rendered against them. On their subsequent appeal it was held that the complaint did not state a cause of action. Thereafter the complaint was amended in the court below, and they were given 20 days in which to answer. Within the 20 days and 3 years after the action was commenced, they demanded a change of the place of trial under Laws 1895, c. 28, which had been passed in the meantime. *Held,* "the time for answering," within which a demand for a change of the place of trial must be made, had long since expired, notwithstanding the fact that the original complaint did not state a cause of action; and the amendment of the complaint did not revive or extend the time to make the demand.

### Refusal of Arbiter to Act.

Rule applied that a party is not precluded from recovery merely because the arbiter agreed on by the parties in their contract refuses to act when duly requested.

### Contract—Want of Mutuality—Performance.

Conceding, without deciding, that the contract in question is void for want of mutuality, it is valid and binding as far as it is performed.

### Overruling Demurrer—Leave to Answer—Review.

The court below overruled the demurrer to the complaint without giving defendants leave to answer. *Held,* the question of whether the court abused its discretion in failing to give such leave cannot be raised in this court until the defendants have applied for leave to answer.

Appeal by defendants from an order of the district court for Aitkin county, Holland, J., overruling a demurrer to the amended complaint. Affirmed.

*Warner, Richardson & Lawrence,* for appellants.

*M'Clenahan & Mantor* and *Choate & Merrill,* for respondents.

CANTY, J.

This action was commenced in September, 1894, in Aitkin county. Before the time to answer expired, defendants served on plaintiffs a demand for a change of the place of trial to Becker county, and moved for such change on the affidavit of defendant Holmes, that he then, and for more than a year prior thereto, resided in that county, and that neither defendant ever resided in Aitkin county. Plaintiffs then made a counter motion that the place of trial be retained in Aitkin county, on the ground of the convenience of witnesses. See Jones v. Swank, 54 Minn. 259, 55 N. W. 1126. Thereupon both motions were mutually abandoned by the parties. Defendants demurred to the complaint. The demurrer was overruled. They answered, and went to trial. A verdict was rendered for plaintiffs; a motion for a new trial was heard and denied; and, from the order denying the same, defendants appealed to this court. The order was reversed, and a new trial was granted, on the ground that the complaint did not state a cause of action. See 65 Minn. 377, 68 N. W. 63.

After the mandate was filed in the court below, plaintiffs moved for leave to amend their complaint. Defendants appeared in opposition to this motion, and set up, by affidavits, certain facts, to show that they were induced by the fraud of plaintiffs to abandon their motion for a change of the place of trial; that they had incurred large expenses on the former trial, and that leave to amend the complaint should be granted only on condition that these expenses be repaid them; that, by reason of local prejudice, defendants could not have a fair trial in Aitkin county, and the place of trial should be changed to Becker county. The court granted plaintiffs leave to amend, without imposing on them these or any other conditions, and gave defendants 20 days to answer the amended complaint. At the hearing of this motion, plaintiffs' at-

torneys were given leave to serve on defendants' attorneys such additional affidavits as they might desire. No such affidavits were ever served. The court held the motion under advisement for about 11 months, and then granted it, as aforesaid. Defendants then moved to set aside the order granting the motion, on the ground that it was not finally submitted before the court decided it. This motion was denied.

Defendants then made a new demand for a change of place of trial, and served new affidavits stating the place of their residence at and just prior to the commencement of the action. The demand and affidavits were then filed with the clerk, and, claiming to act under Laws 1895, c. 28, they induced him to transmit the files and records in the case to the clerk of the court in Becker county. Thereafter, and within the 20 days, defendants demurred to the amended complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Plaintiffs noticed the demurrer for hearing before the court in Aitkin county. At the hearing defendants appeared specially and objected to the hearing on the demurrer, on the ground that the court had no jurisdiction, for the reason that the case had been transferred to Becker county. The objection was overruled. Thereupon the court overruled the demurrer, and in the order overruling the same it is recited that plaintiffs appeared at the hearing, and defendants did not appear. From the order overruling the demurrer, defendants appeal to this court.

1. We have recited a large number of facts which we deem wholly immaterial in the consideration of this appeal, and we might have recited many more irrelevant facts which the appellants have put into the record. Most of the questions attempted to be raised by appellants on these facts cannot be here considered. Whether the court abused its discretion in allowing the complaint to be amended unconditionally or at all, and whether the court erred in denying defendants' motion to set aside the order granting leave to amend the complaint, cannot be considered on an appeal from an order overruling a demurrer to that complaint.

2. The only questions which can be considered on this appeal are: (1) Had the action been removed from Aitkin county at the

time of the hearing on the demurrer?    And (2) does the amended complaint state a cause of action?

(1) Section 5188, G. S. 1894, as amended by Laws 1895, c. 28, provides:

"If the county designated for that purpose in the complaint is not the proper county, the action may notwithstanding be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county, which demand shall be accompanied by an affidavit of the defendant" as to his place of residence, etc.

In Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976, we held that, when this section was complied with, the case was ipso facto removed to the county of the defendants' residence on filing the demand and affidavits.    But such demand must be made "before the time for answering expires."    On the authority of Veeder v. Baker, 83 N. Y. 156, appellants contend that their time to answer did not expire until after a good complaint had been served,—one which they were obliged to answer; that the original complaint stated no cause of action, and, although defendants answered it, there was nothing to answer, and therefore their time to answer did not expire until at least 20 days after the complaint · was amended, and not then if the demurrer to the amended complaint should be sustained.    Again, on the authority of Penniman v. Fuller & W. Co., 133 N. Y. 442, 31 N. E. 318, appellants contend that, when the complaint was amended, it revived their right to demand a change of the place of trial.    That case merely holds that the time to answer (within which defendant must demand a change of the place of trial) does not expire so long as he has a right to amend the answer as of course, and without leave of court.

We are clearly of the opinion that defendants' right to demand a change of the place of trial should not be extended for years on any such an interpretation of the statute.    It is apparent from the record that for three years defendants had abandoned their demand for a change of the place of trial.    The reasons that induced them to abandon it cannot be considered on this appeal, if they can on any other.    The amendment of 1895 was not intended ·to revive any right that had already been lost, or to preserve any

such right for years after it had been so revived. This court has several times held that neglect to enforce within a reasonable time the right of a party to a change of the place of trial is fatal to that right. Waldron v. City of St. Paul, 33 Minn. 87, 22 N. W. 4; McNamara v. Eustis, 46 Minn. 311, 48 N. W. 1123.

"It may be stated as a general rule that the application [for a change of the place of trial] should be made at the earliest opportunity, or at least within a reasonable time after acquiring knowledge of the existence of the ground ,upon which the application is based; it being incumbent on the applicant to explain any seeming lack of diligence on his part." 4 Enc. Pl. & Prac. 421, and the many cases cited.

That this is the policy of our legislation is shown by the fact that the demand for the change must be made promptly; that is, before the time for answering expires, which ordinarily is only 20 days after the commencement of the action. The statute should not be so interpreted that the time to make the demand or enforce the right will be revived or extended by various unforeseen and unexpected contingencies. It is the intent of the statute that the plaintiff shall know promptly and with certainty where the place of trial is to be. Our conclusion is that the action and the place of trial of the same remained in Aitkin county, notwithstanding the proceedings taken to remove the same to Becker county.

3. (2) Does the amended complaint state a cause of action? It is similar to the complaint considered on the former appeal, except that the following has been added by amendment:

"That after the delivery of said ties as aforesaid, and on or about the 15th day of April, 1894, these plaintiffs notified the defendants herein, and also notified the Northern Pacific Railroad Company, named in Exhibit A as inspector of said ties, that said ties had been delivered as aforesaid, and requested said railroad company to inspect and accept the same in compliance with the terms of said agreement; that said railroad company then and there refused to inspect and accept said ties, and ever since said time has so refused and neglected to inspect or accept the same."

It was held by the majority on the former appeal that by their contract the parties had chosen the railway company as an arbiter to inspect and accept the ties, and that plaintiff could not recover

without alleging and proving facts showing that this condition had been performed, "or facts which would relieve the plaintiffs from the necessity of making and proving such allegation." This is now the law of the case.

Appellants contend that it is not sufficient to allege and prove that the railway company refused to act; that plaintiffs must go further, and show fraud or collusion. Appellants cite Lane v. St. Paul F. & M. Ins. Co., 50 Minn. 227, 52 N. W. 649, as authority for this position. We need not consider whether, as laying down a rule of law applicable only to insurance cases, that case was properly decided. Certain it is that this court has held to the contrary rule in other cases. See Starkey v. De Graff, 22 Minn. 431; Shaw v. First Baptist Church, 44 Minn. 22, 46 N. W. 146; St. Paul & N. P. Ry. Co. v. Bradbury, 42 Minn. 222, 44 N. W. 1; Langdon v. Northfield, 42 Minn. 464, 44 N. W. 984. If the railway company was duly requested to act as arbiter, and refuses to do so, plaintiffs are not thereby precluded from recovering.

4. The contract between the parties is dated September 15, 1893, and provides that plaintiffs agree to sell and deliver to defendants "all ties purchased and handled by the said second party [plaintiffs] until September 1, 1894." On the authority of such cases as Bailey v. Austrian, 19 Minn. 465 (535), and Tarbox v. Gotzian, 20 Minn. 122 (139), appellants contend that this contract is void for want of mutuality, and therefore the amended complaint does not state a cause of action. Whether the contract is void for want of mutuality so far as it is not performed, we need not consider. So far as the contract is executed, it is enforceable. Plaintiffs sufficiently allege that they delivered to defendants all the ties purchased and handled by them during the time covered by the contract. If this is true, the title to these ties has passed to defendants (see Fredette v. Thomas, 57 Minn. 190, 58 N. W. 984), and they are liable to pay for them.

5. Whether the court below abused its discretion in overruling the demurrer to the amended complaint without giving defendants leave to answer is not before us. It does not appear that appellants ever applied for leave to answer, and there is not a sug-

gestion in the record brought up from the court below that they ever desired to answer this complaint.

This disposes of all the questions raised worthy of consideration, and the order appealed from is affirmed.