WARREN POTTER and Another v. E. G. HOLMES and Another.

December 12, 1898.

Nos. 11,316—(75).

**Abuse of Discretion—Demurrer to Complaint Overruled without Leave to Answer.**

*Held* that, when the trial court overruled the demurrer to plaintiffs' amended complaint, it abused its discretion in refusing leave to the defendants to serve an answer.

Appeals by the defendants from a judgment in favor of plaintiffs for $14,056.12, entered October 23, 1897, and from an order, dated August 5, 1898, of the district court for Aitkin county, Holland, J., refusing to vacate the judgment and allow defendants to answer the amended complaint. Reversed.

*Warner, Richardson & Lawrence,* for appellants.

The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case, and when the circumstances are such as to lead the court to hesitate, upon motion, to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application. Watson v. San Francisco, 41 Cal. 17. It is highly proper for appellate courts to come to a party's relief in such cases where the lower court has refused it. Howe v. Coldren, 4 Nev. 171; Horton v. New Pass, 21 Nev. 184. The discretion of a court in relieving from mistakes or defaults is not confined to cases involving no fault or negligence of the moving party. To the end that justice may be done, relief may, within proper limits, be granted from the consequences of positive negligence. City of Winona v. Minnesota Ry. C. Co., 29 Minn. 68. See Searles v. Christensen, 5 S. D. 650;

Baxter v. Chute, 50 Minn. 164; Griel v. Vernon, 65 N. C. 76. A mistake of law may offer ground for relief as well as a mistake of fact. Baxter v. Chute, supra; Brown v. Brown, 37 Minn. 128; Jorgensen v. Boehmer, 9 Minn. 166 (181); Wicke v. Lake, 21 Wis. 416; Whereatt v. Ellis, 70 Wis. 207.

*Choate & Merrill* and *McClenahan & Mantor*, for respondents.

BUCK, J.

There are two appeals in this case. One is from the judgment, and the other from the order of the district court denying the application of the defendants to set aside the judgment, entered October 23, 1897, against them as on default, and for leave to answer the plaintiffs' amended complaint.

The action was brought to recover the purchase price of certain railroad ties claimed by the plaintiffs to have been furnished the defendants on a written contract. The defendants demurred to the complaint, which was overruled, and the defendants answered, and plaintiffs replied. The case went to trial before a jury, and a verdict was rendered in favor of the respondents. Defendants moved for a new trial, and the court granted the motion, unless plaintiffs would consent to reduce their verdict, which they did. The defendants then appealed to the supreme court, where it was held that the complaint did not state facts sufficient to constitute a cause of action. 65 Minn. 377.

Some three months after this decision, the plaintiffs brought the case on for retrial in the district court, and made an application to amend their complaint. The district court held this application under advisement from October 7, 1896, to September 1, 1897, and then granted it, without terms, although defendants had been to heavy expense in securing a reversal. After the plaintiffs amended their complaint, the defendants again demurred thereto, and the demurrer was overruled by the trial court, without giving defendants leave to answer. The order overruling the demurrer was sustained by this court upon appeal, and the decision filed May 2, 1898. 72 Minn. 153.

The defendants then applied to the trial court for the vacation of the judgment, and that they be permitted to answer.

The court refused to set aside and vacate the judgment, and refused to permit the defendants to answer. In his memorandum attached to this order, the judge said:

"If it had been asked, I should have given defendants time to answer, and sent the case to the foot of the calendar, or put the trial off long enough so each party could have prepared for trial."

Just what took place between the respective attorneys, and between them and the court, upon this motion as to their asking leave to answer, does not clearly appear; but seasonably, and before the judge signed the order in the matter, the defendants' attorneys prepared a draft of an order overruling their demurrer, and which, by its terms, provided that the defendants should have 20 days in which to serve their answer to the amended complaint, and this they submitted to the trial judge several days before the order was finally made and signed, and before the order for judgment was made or the judgment entered. The draft of this order was sent by the defendants' attorneys to the attorney for plaintiffs the day after the hearing, with the request that he present it to the trial court, which he did; and the only objection of the attorney to the form of the order was that it did not provide that the case should be tried at the October, 1897, term of court. In the letter transmitting this draft, the plaintiffs' attorney was asked to let the defendants' attorneys know if the form of the proposed order was not satisfactory. He did not answer this request, nor inform them that the court did not sign the order. Nor did the clerk notify the defendants' attorneys of the order overruling the demurrer, or the order for judgment, and they were not aware of the same, or that such entry of judgment was to be made until after the judgment was entered. From the order of the court refusing to vacate the judgment and permit defendants to answer, they appeal.

This case is an important one; a large amount is involved; and the defendants claim to have a meritorious defense to the plaintiffs' claim. Even admitting that in some matters of form the defendants have not technically been correct, nor in matter of time as prompt as might have been judicious, yet justice should outweigh

mere technicalities, and our statutes contemplate relief in just such cases. G. S. 1894, § 5267, provides that

"The court may likewise, in its discretion, allow an answer or reply to be made, or other act to be done, after the time limited by this chapter, or by an order enlarge such time; and may also, in its discretion, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him, through his mistake, inadvertence, suspense or excusable neglect."

The district judge must necessarily have been familiar with the merits of the case. It had once been tried before him on its merits. He had permitted the plaintiffs to amend their complaint after the case had once been tried before him, but refused to permit the defendants to answer the amended complaint upon the sole ground that they did not ask it. This excuse must have related to the court's understanding of what took place before him at the time when the demurrer and order to show cause why the judgment should not be set aside and the defendants allowed to answer were brought on for hearing, and when the court construed the talk of the defendants' attorney as expressing a feeling that he did not want to answer even if he was given the right. But the answer to this is that, before the court made and signed the order, defendants' attorneys did prepare the draft therefor, and sent it to the plaintiffs' attorneys, who personally presented it to the court, wherein they asked 20 days to serve an answer to the plaintiffs' amended complaint. The matter then stood as though they had made this application in the first instance. The proposed answer was presented to the court, and on its face showed a meritorious defense. This is not denied. The court having before it the draft of the order, the meritorious proposed answer, the personal presence of the plaintiffs' attorney, whose only objection to the order being signed was that it contained no provision that the case should be placed for trial at the then October term of the court, we think that the order should have been signed by the trial court, and the defendants permitted to answer, even though the order had been modified to obviate the plaintiffs' objection as to not proceeding to trial of the action at the October term of said court.

The refusal to permit the defendants to answer and defend against the plaintiffs' claim operated as a denial of justice, and in this respect, we think, the trial court erred, however conscientiously it may have acted in the premises.

There is no suggestion by the court that the demurrer was not interposed in good faith, or that the defendants' attorneys did not apply for leave to answer upon the honest belief that, if they were permitted to do so, they had a meritorious defense, and would try the case upon its merits. Nor is it suggested by the court or in evidence upon the facts that defendants were lacking in diligence, or at least to such an extent as to deprive them of the right to the relief sought. While such matters are generally left to the discretion of the trial court, yet this discretion is not a wilful, arbitrary or capricious one, but legal and judicial, resting upon the facts, and guided by them and the law, so that substantial equity and justice may be done. This discretion can find its right to operate upon a certain statement or finding of facts only as the law declares upon and draws its inferences from and in accordance with them, and not a wild or self-willed construction placed upon them. In the case of Bailey v. Taaffe, 29 Cal. 423, the court said:

"The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised ex gratia, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice. In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit in foro legis, when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other."

We do not wish to be understood as holding any views which will permit a party to trifle with the rules of practice of the court, or wilfully interfere with its due and orderly proceedings; but the ad-

ministration of the law should be so carried on as not to be a denial of justice, and, to this end, the statute which we have quoted lends a helping hand, and we find no good reason why it should not be applied in this case. The trial court doubtless acted in the utmost good faith; but our conclusion is that his act constituted an abuse of discretion, and the judgment appealed from should be vacated and set aside, and the order denying the defendants leave to serve an answer to the plaintiffs' amended complaint should be reversed, and the cause remanded, with directions to the trial court to proceed therein in accordance with this opinion.

So ordered.

MITCHELL, J. (dissenting).

I am inclined to think that, if I had been the nisi prius judge, I would have granted defendants' motion for leave to answer; but in view of the history of this protracted litigation, and the attitude of the defendants throughout, the full force of which, it seems to me, is not fully brought out in the opinion of the majority, I do not think that we, as an appellate court, would be justified in holding that the court below abused its discretion in denying defendants' application.

CANTY, J. (dissenting).

I concur with Justice MITCHELL. It seems to me that the statement of the facts by Justice BUCK is very incomplete, and gives no adequate idea of the merits of the controversy. The history of the case may be found in 65 Minn. 377, 68 N. W. 63, and in 72 Minn. 153, 75 N. W. 591. From the latter opinion, it will appear that defendants demurred to the amended complaint, and attempted to take a change of the place of trial to another county after the action had been pending for years. Plaintiffs disregarded the attempted change, and noticed the demurrer for argument at a general term of the court in the original county. Thereupon defendants appeared specially, and objected to the hearing of the demurrer in that county. The objection was overruled, and they refused to appear further. Thereupon the demurrer was overruled, without leave to answer; and they appealed from the order, but gave no supersedeas bond; and judgment was entered against them, which remained of

74 M.—33

record nearly six months, without any attempt being made to set it aside, and without any leave to answer being asked. After the order was affirmed on appeal, they asked to have the judgment set aside, and for leave to answer. Defendants, with their eyes open, refrained from asking leave to answer when the demurrer was overruled, or for more than six months thereafter. What they asked of the opposite attorneys, or gave the latter as a proposed form of order overruling the demurrer, should receive but little consideration. Again, the latter attorneys were perfectly justified in insisting that, as a condition of answering, defendants should go to trial at that term.

It seems to me, if I had been judge of the court below, I would still have strained my discretion sufficiently to give leave to answer; but an appellate court should not say that it was an abuse of discretion, under the circumstances, to refuse leave to answer.

An application for a reargument having been made, the following order was filed December 23, 1898:

Ordered, that the application for a reargument of this cause be, and it is hereby, denied and stay vacated. Ordered, further, that the order heretofore entered herein be, and it is so modified as to read as follows:

Ordered, this case be remanded to the district court, with directions to grant defendants' motion for leave to answer. Leave is hereby granted to the plaintiffs to apply to the district court on notice, and within 20 days after the remittitur is filed therein, to be permitted to retain their judgment, pending the action, as security for any liability they may ultimately establish against the defendants. If such motion is not made, or, if made, is for any reason denied, the district court is directed to vacate the judgment.