CHARLES T. METZNER and ELIZABETH M. SLY, Adm'rs
of CHARLES L. SLY, deceased,

*v.*

WILLIAM A BALDWIN and HIRAM DEWOLF.

In an action under Sec. 35, Ch. 72, Comp. Stats., the complaint alleged sub-
stantially that S. and B. in N. Y. applied to DeW. for two thousand dollars for
the purpose of coming to Minn. and here forming an equal co-partnership, and
obtained the money from DeW., S. giving his individual bond, conditioned to
pay the same on or before the 2d day of September, 1857, the interest payable
annually, and secured the same by mortgage upon his own land. S. executed
said securities and assumed the payment of the whole of said sum, with the
understanding and agreement between *all* the said parties, that B. was to have
one-half of the funds, and should pay or cause to be paid one-half thereof,
principal and interest, according to the terms of the bond of S. Immediately
thereafter S. and B. came to this State and entered into co-partnership, and
invested the funds so borrowed in partnership property. Subsequently, on the
18th day of October, 1859, and other times before and after that date, B., in
consideration of the money so paid and received by him, promised and agreed
with S. and with DeW., both verbally and in writing, to pay to DeW. one-half
of said sum. That S. in his life time, and his administrators since his death,
have paid DeW., on the bond and mortgage, $1,541 75, leaving $1,773 71 still
due, which has been allowed as a charge upon his estate, &c.; that B. has
never paid any part of the money so borrowed, &c. The complaint sets forth
the death of S. and the appointment of plaintiffs as his administrators.

*Held:* 1. That B. was liable to DeW. for one-half of the amount loaned to
S. and B.; that as to this amount S. was surety for B., and that this fact may be
shown by parol.

2. That the loan was not a partnership transaction.

3. That the complaint does not show that the claim is barred by the statute
of limitations.

4. The fact that a complaint does not ask for the proper relief, or asks for
inconsistent relief, is not ground of demurrer.

This action was brought in the District Court for Scott county, under Sec. 35, Ch. 72, Comp. Stat., which provides that "an action may be brought by one person * * * * against two or more persons, for the purpose of compelling one to satisfy a debt due to the ·other, for which the ·plaintiff is bound as·surety." The cause was heard in the court below upon a general demurrer interposed by the defendant Baldwin, to the complaint, that the same did not state facts sufficient to constitute a cause of action, or to entitle the plaintiffs to the relief demanded, or any part thereof. The demurrer was sustained, and from the order sustaining the same, the plaintiffs appeal to this court. The allegations of the complaint fully appear in the opinion of the court.

John L. Macdonald, for Appellants.

Chatfield and Irwin, for Respondents.

*By the Court*—McMillan, J.—This action is brought under Sec. 35, Ch. 72, of the Comp. Stat., which authorizes one person to bring an action against two or more persons to compel one of them to satisfy a debt due to the other, for which the plaintiff is bound as surety. The defendant Baldwin demurs separately. All that is necessary to sustain the action is, that it appear from the complaint, that Sly is surety for a debt which is due and unpaid from Baldwin to DeWolf. The facts alleged in the complaint are, substantially, that Sly and Baldwin, in Steuben county, New York, applied to DeWolf for the sum of two thousand dollars, for the purpose of coming to Minnesota, and here forming an equal co-partnership, and obtained the money from DeWolf, Sly giving his individual bond conditioned to pay the same on or before the 2d day of April, 1857, the interest payable annually, and secured the same by a mortgage upon his own land. That Sly executed said securities and assumed the payment of· the whole of said

sum, with the understanding and agreement between all of said parties, that said Baldwin was to have one-half of the funds, and should pay or cause to be paid one-half thereof, principal and interest, according to the terms of the bond. That immediately thereafter, Sly and Baldwin came out to Belle Plaine, in this State, and entered into co-partnership, and invested the funds so borrowed in partnership property; that subsequently, on the 18th of October, 1859, and other times before and after that date, Baldwin, in consideration of the money and property so had and received and held, and owned by him, promised and agreed with the said Sly and with said DeWolf, both verbally and in writing, to pay to said DeWolf the one-half of said sum and interest. The complaint also sets out the death of Sly and the appointment of plaintiffs as administrators of his estate; that Sly, in his life time, and his estate since his death, have paid DeWolf on the bond and mortgage, $1,541 75, leaving $1,773 71, still due, which has been allowed as a charge upon his estate by the commissioners appointed to examine and adjust the claims against the estate and now remains a charge thereon; that Baldwin has never paid any part of the money so borrowed, or the interest thereon, but wholly neglects and refuses so to do.

As to the one-half of the loan, we think there is no doubt that Sly was surety for Baldwin. They both applied for the loan and both received the funds, and it was distinctly agreed that Baldwin was to have the one-half; that Sly was to give his individual bond and mortgage for the whole debt, but that Baldwin should pay the one-half of it according to the terms of the bond. DeWolf was a party to this agreement. Baldwin was clearly liable to DeWolf for one-half of the debt. As to half the debt, Sly gave his bond and mortgage to secure Baldwin's debt, and DeWolf knew and assented to it. This state of facts clearly constitutes Sly a surety for Baldwin to this extent. And notwithstanding the fact that the bond and mortgage do not show that Sly was surety for Baldwin as to

Metzner et al. v. Baldwin et al.

any part of the amount, the facts constituting him a surety may be shown by parol. It is not necessary that the suretyship should appear by the contract; it is a fact collateral to the contract, and no part of it. 1 Greenl. Ev., Sec. 281, *Carpenter v. King*, 9 Met. 511; Ib., 547; *Harris v. Burk*, 21 Pick., 195. The proof of this fact by parol, is no infringement of the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. The averments in the complaint negative any presumption of the existence of a partnership between Sly and Baldwin at the time of the loan. It distinctly appears that the partnership was not formed until after obtaining the loan and the parties came to this State; and that the money was borrowed to enable them to come here and form the partnership; this had no connection with their partnership affairs. 1 Story Eq. Jur., Sec. 665.

The complaint avers a written promise by Baldwin to both Sly and DeWolf, within six years before the commencement of this action, to pay to DeWolf the one-half of the money borrowed and interest. The objection, therefore, that the complaint shows upon its face that the claim is barred by the statute of limitations, is not well taken. Whether the plaintiffs are entitled to all the relief demanded in the complaint, is immaterial at this time. It appears from the complaint that they are entitled to certain relief; and the fact that a complaint does not ask for the proper relief, or asks for inconsistent relief, is not ground of demurrer. *Connor v. The Board of Education, &c.*, 10 Minn., 439.

We think the demurrer was not well taken, and the order sustaining it should be reversed.