*In re* GEORGE B. KIDDER'S ESTATE.

Argued June 7, 1893. Affirmed June 21, 1893.

A Default not Excused.

To vacate an allowance of a claim against an estate, filed by an administrator on the application of one who knew of the time for hearing, but failed to appear and oppose the claim,—his only excuse for not appearing being that he felt confident that the administrator would administer the estate justly and honestly, and not permit unjust claims to be allowed,—is abuse of discretion.

Appeal by Osgood True from an order of the District Court of Dodge County, *Thomas S. Buckham,* J., made December 28, 1892, reversing an order of the Probate Court.

On March 23, 1891, George B. Kidder, a resident of that county, departed this life intestate, unmarried and without issue. His only heirs and next of kin were O. P. Kidder, his brother, and Osgood True and George True, sons of deceased sister. On May 5, 1891, the Probate Court appointed the brother, O. P. Kidder, administrator of the estate, and made an order that all claims and demands against the estate be presented to that court on or before November 10, 1891, for examination and allowance. Notice of this order and hearing was duly given by publication. On November 2, 1891, O. P. Kidder, the administrator, presented a claim against

v.53M.—34

the estate for $2,741.75.    It was filed that day, and on November 10, 1891, it was proved, and, no one opposing, it was allowed.

On July 7, 1892, Osgood True, one of the nephews, made and filed in the Probate Court an affidavit stating that this claim was fraudulent and should not have been allowed; that he first had notice on June 1, 1892, of its presentation and allowance; that although he knew and had notice of the day of hearing proof of claims, he neglected to investigate, on account of the confidence he had in his uncle that he would administer the estate justly and honestly.    On this affidavit he obtained an order, that O. P. Kidder show cause July 21, 1892, why the allowance of his claim should not be vacated and a rehearing had.    On the day appointed the Probate Court made an order vacating its allowance of the claim, and directed that the claim be examined and proofs heard thereon, October 20, 1892.    From this order Kidder appealed to the District Court, where it was reversed, and True's application for a rehearing dismissed.    True appeals to this court.

*S. T. Littleton,* for appellant.

Osgood True placed confidence in Kidder that he would in all respects administer the estate to the best interest of all concerned, and not permit unjust or unlawful claims to be allowed against it without notifying him of the filing of the same.    We urge that such confidence, if betrayed, furnishes a sufficient excuse for not attending the hearing or investigating the claims.    The Probate Court had power to vacate its former order, allowing the claim against the estate, if a reasonable excuse was shown for not appearing and contesting the claim at the time, and if a defense is shown to exist.

*Samuel Lord,* for respondent.

Appellant apparently takes it for granted that the question for determination in the District Court was, did the Probate Court, in vacating its previous order allowing the claim, abuse its discretion? While respondent contends that the matter was necessarily before the District Court *de novo.*    The only question for determination here is, did the District Court, in deciding the matter, abuse its discretion?    Probate Code, § 255.

The only ground upon which the Probate Court is authorized to vacate its former judgment in any case is, that such judgment was procured by fraud, misrepresentation, or through surprise or excusable inadvertence or neglect. Probate Code, § 252. There has been no sufficient showing of the existence of any one of these grounds.

GILFILLAN, C. J. .The administrator filed a claim against the estate, and on the day appointed for the hearing of claims, of which the appellant had due notice, the claim was heard and allowed. Seven months afterwards the appellant moved in the probate court for an order vacating the allowance of the claim. The only excuse he made for failure to appear and oppose the claim at the time for hearing claims was the confidence he felt that the administrator would administer the estate justly and honestly, and not permit unjust claims (which he alleges this is) to be allowed.

The administrator appealed from the order vacating, to the district court, which reversed the order.

The result must be the same whether we are to consider the district court as exercising a strictly appellate jurisdiction, and called on to determine whether there was error in the decision of the probate court, or the matter was before it as though the motion were made there in the first instance.

Such an application is addressed to the sound discretion of the court. But there must always be some show of excuse for the party's failure to protect his rights at the proper time. To relieve him without such excuse is abuse of discretion. Here there was no excuse. In adversary proceedings no one has a right to rely on the party, whose interests are opposed to his, taking care of his. So that whether the district court were to exercise its own discretion as upon an original application, or merely review the exercise of discretion by the probate court, its decision was correct.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 738.)