JOHN T. NOYE MANUFACTURING COMPANY v. WHEATON ROLLER-MILL COMPANY.[1]

January 21, 1895.

No. 9022.

**Vacating Judgment upon Default.**

> *Held,* upon the undisputed facts in the case, that the court below was not justified in setting aside and vacating a judgment entered in plaintiff's favor for want of answer.

Appeal from an order of the district court for Traverse county, Brown, J., vacating a judgment entered against the defendant upon default, and allowing it to interpose an answer to the complaint. Reversed.

*O'Hair & Murphy,* for appellant.

*C. H. Colyer,* for respondent.

COLLINS, J.    Plaintiff, a corporation, appeals from an order setting aside and vacating a judgment in its favor theretofore entered against defendant, also a corporation, in an action brought upon a promissory note.    On February 13 and 14, 1894, copies of the summons and complaint in said action were personally served upon the president of said defendant corporation, upon its secretary, upon the person who had charge of and was operating its plant, a flouring mill, and upon A. C. Earsley, who, according to his affidavit used upon the motion, was the principal stockholder and had the management and control of the corporative affairs.    Service upon Earsley was made February 13.    Judgment for want of answer was entered and docketed March 8.    Seventeen days later, on affidavits and a proposed answer, defendant made the motion now in question.

[1] Reported in 61 N. W. 910.

From the affidavits used on the hearing it seems undisputed that none of the persons served with the summons and complaint paid any attention thereto, or have taken any part in this effort to open the judgment, except Earsley. He employed the attorney who now appears for defendant to answer and defend, and the attorney at once prepared the answer now proposed, which admits the execution of the note, but sets up a counterclaim arising out of an alleged breach of warranty of the articles for which the note was given. This attorney resided in the county in which the defendant's mill was situated, where its president and secretary had their residences, and in which the action was brought, and also resided in the same village with plaintiff's attorneys. He gave no notice of appearance, and his only excuse for failing to serve the answer was that he expected Earsley, who resided in another county, to come to his office to verify it, and that before the time for answering expired, and on February 26, he was suddenly called out of the state, not returning until after such time had expired. The excuse offered by Earsley was that both the president and secretary had long before the commencement of the action ceased to hold any shares of stock or interest in the corporation; that he, as the owner of 90 per cent. of the stock, had exclusive control and management of the defendant's property and business; that he did not call at his attorney's office to verify the answer, because of business matters elsewhere, until after the attorney had left the state; and that on March 2, while returning to his home from the village in which said attorney as well as plaintiff's attorneys resided, he was thrown out of a wagon, badly hurt, and thereafter confined to his bed until after the expiration of the 20 days within which he was required to answer, his injuries causing him to forget about the case. We have very fully detailed the facts, because, in our opinion, they do not justify the court below in making the order appealed from. It affirmatively appears that Earsley knew that his attorney expected him to call at his office and verify the answer within a day or two after it was prepared, and that he omitted so to do simply because of other important affairs,—an excuse which could well be made by any business man. In addition to this, it appears that he was in the village in which the plaintiff's attorneys, as well as his own, resided on March 2, and then had knowledge that the latter had gone out of the state. There is noth-

ing to show that at this time he made any effort whatsoever to inform himself what, if anything, had been done as to making or serving an answer. It is also evident that the answer could have been verified by the president or the secretary or by the attorney of the corporation, and that for this purpose Earsley's presence was not required. That an answer was not duly served was because of the gross negligence of Earsley, or of the attorney, or of both, and we cannot affirm the order appealed from without violating well-settled rules of this court, and encouraging carelessness and inexcusable negligence on the part of litigants. It is unnecessary for us to consider appellant's contention that a counterclaim is not a meritorious defense, within the statute permitting judgments to be set aside and answers interposed.

Order reversed.