## JOSEPH WALSH v. WILLIAM BOYLE.[1]

April 28, 1905.

Nos. 14,270—(47).

**Opening Default Judgment.**

A judgment upon default should be opened, and defendant permitted, upon reasonable terms, to defend, where he has made application therefor immediately after expiration of time to answer, and where he shows a defense on the merits, a reasonable excuse for a brief delay, and the failure of such relief to prejudice plaintiff.

**Discretion of Court.**

The exercise of the discretion of the court ought to tend in a reasonable degree to secure determination of rights of parties upon a trial.

**Protection of Plaintiff's Interest.**

In this case, *held*, that where the answer was served one day after expiration of statutory time to answer, and the application for leave to answer showed a defense on the merits, reasonable excuse, an attachment of sufficient of defendant's land to protect plaintiff, and no delay in trial, the defendant should have been permitted to interpose his defense.

Appeal by defendant from an order of the district court for Lyon county, Webber, J., denying a motion to vacate a judgment in favor of plaintiff entered by default, and for leave to answer. Reversed.

*Clague & Enersen* and *John Moonan,* for appellant.

*Korns & Johnson,* for respondent.

JAGGARD, J.

This was an application for leave to serve a proposed answer after the expiration of the statutory time. The summons and complaint were served on July 13, 1904. The time for answering expired on August 2. On August 3, the defendant mailed a copy of his answer, which was received by the attorney of the plaintiff on August 4. On that day a judgment was entered by default. Immediately after return of the answer to the defendant's attorney by plaintiff's attorney, the defendant moved the court for an order opening the judgment and

[1] Reported in 103 N. W. 506.

permitting him to answer and defend the action on the merits. The ground of this application was that the defendant did not serve his proposed answer within the period provided by law through his mistake, inadvertence, surprise, and excusable neglect. In support thereof he filed his affidavit showing, in substance, that he made a mistake as to the date that the summons and complaint were served upon him; that he was unfamiliar with legal proceedings; that he at all times in good faith intended to defend said action upon the merits. An additional affidavit was filed and signed by the attorney employed by defendant, corroborating the latter as to his mistake in the date of service, and stating that when defendant brought the summons and complaint to his counsel's office defendant stated to him that it was served on July 19. The affidavit of the defendant contained an affidavit of merits. In reply plaintiff contended that it appeared without contradiction that the defendant was well posted in the English language, and readily and intelligently read and wrote the same, and was able to understand the force and effect of the summons and complaint served upon him in this action; that his subsequent conversations with persons making affidavit thereto showed that he did understand the force and effect of the summons. It appeared that the plaintiff had attached lands belonging to the defendant, whereby plaintiff would be fully protected in case he should prevail upon the merits; and that the issues in the case would not have been brought on for trial in the regular order before the December following.

This case comes within the familiar rule that, where an answer discloses a good defense upon the merits, and a reasonable excuse for delay in its service is shown, and no substantial prejudice appears to have arisen from such temporary delay, a court should allow that answer to be introduced. Brown v. Brown, 37 Minn. 128, 33 N. W. 546. The exercise of the discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment after trial on the merits of the case. Miller v. Carr, 116 Cal. 378, 48 Pac. 324; Watson v. San Francisco, 41 Cal. 17, 20; Reidy v. Scott, 53 Cal. 69. And see also G. S. 1894, § 5267; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Potter v. Holmes, 74 Minn. 508, 77 N. W. 416; Baxter v. Chute, 50 Minn. 164, 52 N. W. 379; Hildebrandt v. Robbecke, 20 Minn. 83 (100). In Braseth v. Bottineau (N. D.) 100 N. W. 1082,

Young, C. J., aptly said: "An error of one day in stating a date is not such an unusual occurrence that it can be said to be inexcusable." The decision in John T. Noye Mnfg. Co. v. Wheaton Roller Mill Co., 60 Minn. 117, 61 N. W. 910, is to be regarded as the rule of law applicable to the facts in that particular case only, and is not to be extended. It announces no principle inconsistent with the conclusion here reached.

The rule here followed does not "encourage carelessness or unreasonable negligence on the part of litigants." It tends rather to determine the rights of the parties upon a trial on the merits than to deprive of them by mere technicalities. The showing made in this case sufficiently shows a defense upon the merits and an excuse for the delay, very brief in time, resulting in no prejudice. The district court should have granted the motion, and permitted defendant to answer upon reasonable terms. 1 Current Law, § 4, p. 915; 3 Current Law, § 3, p. 1071.

Order appealed from reversed.