### L. M. BARRIE v. NORTHERN ASSURANCE COMPANY.[1]

October 26, 1906.

Nos. 14,903—(105).

**Abuse of Discretion.**

The discretion of the trial court in opening a judgment by default and in permitting a trial upon the merits, or in refusing so to do, is a judicial one, not to be exercised arbitrarily or capriciously. In clear cases of abuse the exercise of that discretion may be reversed upon appeal.

**Judgment—Opening Default.**

Where an answer discloses a good defense, and there is reasonable excuse for delay occasioning a judgment by default, and no substantial prejudice appears to have arisen because of that delay, the trial court should open the default and permit the defense to be maintained. Walsh v. Boyle, 94 Minn. 437, 103 N. W. 506, followed and approved.

**Same.**

The circumstances of this case required the trial court to grant defendant's motion to open the default.

Appeals by defendant from orders of the district court for Pine county, Crosby, J., denying a motion to relieve the defendant from default and vacating and setting aside the order for judgment and denying a motion to vacate and set aside the decision and for a new trial. Reversed, with direction to open the default and to permit defendant to proceed with its defense.

*M. H. Boutelle* and *N. H. Chase,* for appellant.

*L. H. McKusick,* for respondent.

JAGGARD, J.

The first of the two appeals taken in this case was from an order of the trial court denying the motion of the defendant and appellant for an order relieving it from default, and setting aside the order for judgment for plaintiff and respondent against the defendant. The order was appealable. It is true that the merits of a nonappealable order made by a district court cannot be reviewed in this court by

means of an appeal from an order vacating and setting aside or refusing so to do (Brown v. Minnesota T. M. Co., 44 Minn. 322, 46 N. W. 560; Lockwood v. Bock, 46 Minn. 73, 48 N. W. 458), and that the opening of a judgment by default and permitting a trial upon the merits depends upon the discretion of the trial court, the exercise of which will not ordinarily be disturbed upon appeal. That discretion, however, is a judicial one, not to be exercised arbitrarily or capriciously, but so as to conduce to the administration of justice. White v. Gurney, 92 Minn. 271, 99 N. W. 889; McClure v. Clarke, 94 Minn. 37, 101 N. W. 951. This court has the power to review the exercise of discretion by the trial court in such matters, and in appropriate cases to affirm, or, where there has been a palpable abuse of discretion, to reverse, its action. The syllabus in Merritt v. Putnam, 7 Minn. 399 (493), is misleading in its expression of a contrary opinion. The text of the decision accords with the general rule. The court in that case saw no abuse of legal discretion and no sufficiently cogent reason for disturbing the ruling of the trial court. But, for example, in Hildebrandt v. Robbecke, 20 Minn. 83 (100), this court exercised its power of reviewing an application to open a judgment by default, and reversed the order of the trial court denying such relief. The appealability of the order in case of abuse of discretion is generally and properly recognized. Swift v. Fletcher, 6 Minn. 386 (550); Jorgensen v. Boehmer, 9 Minn. 166 (181); Whitcomb v. Shafer, 11 Minn. 153 (232); Barker v. Keith, 11 Minn. 37 (65); Woods v. Woods, 16 Minn. 69 (81); Reagan v. Madden, 17 Minn. 378 (402); County of Chisago v. St. Paul & D. R. Co., 27 Minn. 109, 6 N. W. 454.

The law is now well settled in this state that where an answer discloses a good defense upon the merits, and a reasonable excuse for delay occasioning the default is shown, and no substantial prejudice appears to have arisen from that delay, a court should open the default and bring the case to trial. The exercise of the discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment after trial on the merits. Walsh v. Boyle, 94 Minn. 437, 103 N. W. 506. And see Potter v. Holmes, 74 Minn. 508, 511, 77 N. W. 416. This rule is little more than a reasonable interpretation of the statutory provision on this subject. Section 4160, R. L. 1905.

The object to be attained by the exercise of the discretion of the court is the administration of justice. Orderly procedure is a means to that end, but not the end itself.

In the case at bar, we are of the opinion that, within these principles, the circumstances required the trial court to grant defendant's motion. The case was set for trial on April 25 in Pine county. Counsel for the defendant, residing in Minneapolis, had a case set for argument in this court on that day. Communications by mail and telephone with plaintiff's attorney resulted in an understanding that the case would probably not be called on the trial day until after a preceding jury case had taken up the morning of that day; that it would be "all right" for the defendant's attorney to go to Pine City, the place of trial, on a train arriving there at eleven o'clock in the morning; and that plaintiff's attorney would not "try to take any advantage of the absence of defendant's attorney." On the night of April 24 defendant's attorney advised plaintiff's attorney that he would take the eleven o'clock train that morning. On the morning of the trial day, the court inquired for defendant's counsel. The attorney for the plaintiff, in violation of the spirit of this understanding and of his duty to opposing counsel, and of his obligations to the court, failed to advise the judge of the situation. The court, without a jury, thereupon heard the evidence and ordered findings of fact and conclusions of law directing judgment for the plaintiff. A few hours, at most, afterwards, defendant's counsel, in reliance upon the good faith of counsel for the plaintiff, arrived on the eleven o'clock train, and found that the findings and order for judgment had, with suspicious expedition, been submitted to the judge, signed by him, and filed. He at once applied to the court to entertain a motion to open the default and allow him to proceed to trial. This the court refused to do, although it affirmatively appears that the jury panel had not been discharged. Forthwith defendant formally moved for such relief. It appears that the defense asserted was meritorious. The trial court was in error in its order refusing to grant defendant's motion. That order resulted in an obvious miscarriage of justice based upon reprehensible practice.

The second of the two appeals concerns the sufficiency of plaintiff's testimony to entitle him to judgment. In view of the conclusion

previously announced, it would be improper for this court at this time to consider the merits of that position.

Order reversed, with direction to the trial court to open the default and to permit the defendant to proceed with its defense.