# DR. SHOOP FAMILY MEDICINE COMPANY v. THERESA OPPLIGER.[1]

January 9, 1914.

Nos. 18,266—(139).

**Vacating judgment.**

Application to open a default judgment for the price of medicines sold to defendant's husband upon his written order. The summons was served in October and judgment was entered in the succeeding February. The affidavit in support showed a prior judgment against the husband for the same bill; defendant's delivery of the summons to her husband in October and reliance on him to take proper steps to protect her; belief on his part that a second judgment could not be entered for the same bill; and defendant's absence from the state until the spring, when she first learned of the judgment, and no interest on defendant's part in the drug store run by her husband. *Held:* The court did not abuse its discretion in permitting defendant to answer, and permitting the judgment to stand as a lien against her property until the result of a trial of the issues. [Reporter.]

**Same.**

It is the duty of the courts to relieve a party from default, if he furnishes any reasonable excuse for his neglect and shows a defense of fair merit, no substantial prejudice appearing to the other side from the delay. [Reporter.]

[1] Reported in 144 N. W. 743.

Appeal by plaintiff from an order of the district court for Roseau county permitting a judgment entered by default against defendant to be opened, and allowing her to make her defense in the same and serve an answer thereto. Affirmed.

*Alexander Fosmark, Charles Loring* and *G. A. Youngquist,* for appellant.

*E. M. Stanton* and *H. C. Rowberg,* for respondent.

PER CURIAM.

Suit to recover the price for a bill of goods sold in 1908. Personal service of summons in October, 1912. Judgment by default entered in February following, and in May thereafter defendant applied to have the default opened and for leave to answer. The court permitted the answer but let the judgment, which was a lien on defendant's real estate, stand to abide the result of a trial. Plaintiff appeals.

The affidavit supporting the application and the proposed answer tend to show a meritorious defense. In December, 1908, suit was brought by plaintiff against defendant and her husband upon the same cause but was afterwards dismissed. In June, 1912, Dr. Shoop's Laboratories, Inc. sued the husband alone for the same bill and obtained judgment. When served, defendant gave the summons to her husband and relied upon him to take the proper steps to protect her. He appears to have labored under the impression that no judgment could be entered against his wife after judgment obtained against him. Defendant was not in good health and left the state shortly after the summons was served and claims she knew nothing about the judgment till she returned in the spring. She further shows that the goods for the price of which the suit is brought were bought upon the written order signed by her husband, that she had no interest in the drug store run by him for which the goods were purchased. This is in a measure contradicted. But apparently a strong case of a meritorious defense is presented.

The order must stand unless there was an abuse of discretion. In Altmann v. Gabriel, [28 Minn. 132, 9 N. W. 633] the order opening the default was reversed mainly because of an unexcused delay of almost a year after knowledge of the judgment. The absence of an affidavit of merits resulted in a reversal of an order opening the default in People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219. McClure v. Clarke, 94 Minn. 37, 101 N. W. 951, presented no excuse whatever, and the delay was two years. Hoffman v. Freimuth, 101 Minn. 48, 111 N. W. 732, was an application made after expiration of a year from knowledge of the entry of judgment. The case of John T. Noye Mnfg. Co. v. Wheaton Roller-Mill Co. 60 Minn. 117, 61 N. W. 910, must be regarded as extreme when the ground upon which it is placed is considered. It should not be further extended. Walsh v. Boyle, 94 Minn. 437, 103 N. W. 506.

It is the duty of the courts to relieve a party from default, if he furnishes any reasonable excuse for his neglect and shows a defense of fair merit, no substantial prejudice appearing to the other side from the delay. 2 Dunnell, Minn.

Dig. § 5013; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Barrie v. Northern Assurance Co. 99 Minn. 272, 109 N. W. 248. Clifford v. Great Northern Ry. Co. 118 Minn. 22, 136 N. W. 260, also disposes of the point that there was no sufficient affidavit of merits.

Order affirmed.