## T. F. MURTHA v. BIG BEND LAND COMPANY, a Foreign Corporation.

(147 N. W. 97.)

**Default judgment — order relieving from — appeal from order — discretion.**

On an appeal from an order relieving defendant from a default judgment and permitting a defense to be interposed, *held*, under the record of facts, that the trial court in granting such relief did not abuse the discretion vested in it in such cases.

Appellant's contentions that defendant's showing as to a meritorious defense, and that the default occurred through "inadvertence, surprise, or excusable neglect" within the meaning of § 6884, Rev. Codes 1905, *held* untenable.

Opinion filed April 9, 1914.

Appeal from District Court, Stark County, *W. C. Crawford*, J.

From an order vacating a default judgment and permitting defendant to answer upon the merits, plaintiff appeals.

Affirmed.

*T. F. Murtha,* for appellant.

The discretion referred to in such cases is not a mental discretion, but a *legal* one, to be exercised within the law. It is the duty of courts to follow the intent and spirit of the law, and not simply to give effect to the *will* of the judge. Tripp v. Cook, 26 Wend. 152.

A meritorious defense must also be shown, as well as surprise, inadvertence, or excusable neglect. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

The defense must be set out in particular, and the general allegation that defendant has been advised by his attorney that he has a good defense is not sufficient. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; 23 Cyc. 955–958; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 292, 75 N. W. 252; 23 Cyc. 931, note 36; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

No relief can be had for a mistake of law. Keenan v. Daniells, 18 S. D. 102, 99 N. W. 853; 23 Cyc. 931, note 35.

The evidence offered in support of the judgment fully overcomes the showing made to reopen. 23 Cyc. 958; Wheeler v. Castor, supra.

W. F. Burnett, for respondent.

In motions of this character, the trial court exercises powers of a court of equity. Unless there appears a plain, clear abuse of its discretion, the appellate court will not interfere. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43; Colean Mfg. Co. v. Feckler, 16 N. D. 227; 112 N. W. 993; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

Courts have and possess a broad discretion in such cases. Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993.

Fisk, J. Plaintiff appeals from an order made by the district court of Stark county on September 13, 1912, vacating a default judgment entered in appellant's favor on August 3, 1912, for $1,586. It is appellant's contention that the district court committed a manifest abuse of discretion in making the order complained of. He contends, in other words, that defendant's showing was wholly insufficient: First, "because the affidavits and answers do not make a proper showing of merits;" and, second, "the defendant wholly fails to show that the judgment was taken against it through its mistake, inadvertence, surprise, or excusable neglect."

The record discloses that the defendant is a foreign corporation, and the summons and complaint were served upon the secretary of state on July 2, 1912, who admitted service and forwarded the papers to defendant in the state of Wisconsin. The cause of action set forth in the complaint is based upon an alleged employment by defendant of the plaintiff, and also of the firm of McFarlane & Murtha, lawyers, of which firm plaintiff was a member, in handling certain litigation involving lands in Dunn county, and for certain advances made by such attorneys in connection with such litigation. At the hearing of the motion to vacate the default judgment, defendant tendered a proposed answer to the complaint, consisting of a general denial, which proposed answer was verified by its attorney, Burnett, upon information and

27 N. D.—25.

belief. It also produced the affidavits of Geo. Dow, Robe Dow, Rufus B. Smith, and W. F. Burnett. The substance of these affidavits is set forth in appellant's brief as follows:

"The affidavit of George Dow sets forth in substance that he is the president of the defendant company, and one of its directors; that nearly all of its business is transacted from the city of Stoughton, Wisconsin; that the summons and complaint in said action were sent by mail by the secretary of state of North Dakota, in a letter dated July 2, 1912, addressed to defendant at Madison, Wisconsin; that the letter and summons and complaint were received by the defendant on the 9th day of July, 1912, and that on that day the affiant with Robe Dow, another of its directors, called upon Attorney Rufus B. Smith, at Madison, Wisconsin, who then had charge of some other litigation for defendant, and stated its defense to said Smith, and that said company desired to defend the said action, and were informed by said Smith that he could not appear in the courts of North Dakota, and that it was necessary to retain an attorney in North Dakota for the purpose of interposing an answer; that he is informed and believes that on the 15th day of July, 1912, the said Smith telegraphed W. F. Burnett, an attorney at Dickinson, North Dakota, and received an answer by wire from said Burnett on July 16th, stating that he would defend said action; that thereafter the said Smith wrote a letter to said Burnett, retaining him to defend said action; that affiant is informed and believes that said Smith wrote said Burnett, retaining said Burnett to defend said action, and positively that on the 6th day of August defendant received a letter from Burnett stating that an answer had been interposed. On the 10th day of August it received a letter from Burnett, stating that the answer had not been accepted and judgment in said action had been entered. That defendant had no knowledge or information that there had been any failure on the part of anyone to interpose an answer until the receipt of the letter from Burnett about August 10th.

"The affidavit further states that defendant has a full and complete defense on the merits to the whole of plaintiff's claim in this action; that the action is brought to recover the sum of $2,566.25 for legal services and disbursements; that the defendant is not in any manner indebted to plaintiff in any sum whatever; that the defendant never

retained the plaintiff or employed him in any manner whatever, or in relation to any matter whatever, and no officer of the defendant company ever retained or employed said plaintiff, and that the defendant fully and freely stated the case to its counsel, Rufus B. Smith, and that it has a full and complete defense on the merits to the whole of plaintiff's claim, as it is advised by its counsel and verily believes; and further says that at the direction of said defendant the case has been fully and freely stated to W. F. Burnett, and is advised by said Burnett that it has a full and complete defense on the merits to the whole of plaintiff's claim.

"The affidavit of Robe Dow is to the effect that as far as he knows or can ascertain the defendant never employed the plaintiff, T. F. Murtha, in any manner whatever to perform any services for it.

"The affidavit of Rufus B. Smith is to the effect that he is an attorney at law, residing at Madison, Wisconsin, and has been the attorney of the defendant in other matters; that on the 9th day of July, 1912, he was consulted by George Dow, president, and by one of the directors of the defendant company, in relation to this action; that he was then informed by the president and director that said defendant never employed plaintiff and never retained him, and that plaintiff had never performed any service for said defendant; that affiant informed the said president that it would be impossible for affiant to appear in the district court of Stark county, North Dakota, and that it would be necessary to employ an attorney in North Dakota to interpose an answer and make proper defense; that on the 9th day of July, affiant wrote plaintiff, asking how long the defendant had to answer, and on the 13th day of July affiant received a letter from plaintiff in which plaintiff stated that defendant had thirty days from the time of the service of the papers on the secretary of state; that affiant, in the hurry and press of business, hurriedly read said letter, and obtained therefrom the impression that there were thirty days still left for the defendant to answer; that the affiant retained W. F. Burnett, of Dickinson, North Dakota, and wrote to the said Burnett that the affiant understood that the last day for answering was August 10th; that affiant supposed everything had been done that was necessary, until the receipt of a letter from Burnett informing the affiant that the answers

were too late; that the affiant had advised defendant that it had a full and complete defense on the merits to the plaintiff's claim.

"The three foregoing affidavits were sworn to on the 24th day of August, 1912, at Madison, Wisconsin.

"The affidavit of W. F. Burnett, sworn to August 29th, is to the effect that on or about the 16th day of July, 1912, he received a letter from Rufus B. Smith, retaining said Burnett to appear on behalf of the defendant in the above-entitled action, and in that letter said Rufus B. Smith advised Burnett that the time for answering would expire on August 10th (Smith only wrote that he understood that August 10th was the last day); that affiant relied on said information; and further states that he received no information from plaintiff or anyone else, as to when the time for answering expired, other than the information received in said letter from Smith. That on the 6th day of August, 1912, affiant attempted to serve on the attorney for plaintiff a copy of the defendant's answer; and was then informed that judgment had been entered through inadvertence and mistake of affiant and defendant (without particularizing except as above); and further states that the said defendant fully and freely stated the case to affiant, and he believed that defendant has a good and meritorious defense to said action. This affidavit was made before the affidavits of Murtha and Sturgeon."

This showing as to the existence of a meritorious defense is, we think, amply sufficient. Indeed, its sufficiency is challenged solely upon an erroneous assumption as to the cause of action alleged in the complaint. Appellant assumes that the complaint merely alleges an employment by defendant of the firm of McFarlane & Murtha, under which employment such firm of attorneys performed certain professional services and expended certain moneys in defendant's behalf; that such services were reasonably worth the sum of $2,500, and that the account of said firm for such services and disbursements was assigned to this plaintiff. This is an entirely erroneous assumption as disclosed by a reading of the complaint. Such complaint, in fact, alleges two causes of action: First, for services and moneys expended by the firm of McFarlane & Murtha under an employment by defendant between January 1, 1909, and August 15, 1910; and, second, for services and moneys expended by plaintiff, Murtha, between August 15, 1910 (the date of the alleged dissolution of the copartnership of Mc-

Farlane & Murtha), and June 15, 1912, under an alleged employment of him by defendant. The value of the services alleged to have been performed by the firm and by the plaintiff individually is not separately stated. It is thus apparent that appellant's first contention is predicated upon an erroneous premise, no doubt caused through oversight or inadvertence. We are not called upon, therefore, to decide what the ruling would have been had the complaint been as appellant assumes it to be. Appellant's first contention must be overruled.

Was the showing that defendant's default was caused through its mistake, inadvertence, surprise, or excusable neglect sufficient to warrant the lower court in relieving it from such default? We must answer this question in the affirmative. As repeatedly held by us, the ruling of the trial court in relieving a party from default will not be disturbed on appeal, except in case of a clear abuse of discretion. Under the showing we are unwilling to hold that there was an abuse of discretion. It is apparent that defendant claimed to have a meritorious defense and in good faith intended to interpose such defense. It acted promptly in employing counsel, to whom its officers made a full statement of the facts claimed to constitute its defense. Its counsel in Wisconsin wrote to plaintiff immediately upon being retained, to ascertain how much time was allowed defendant to answer, and received a reply four days later, stating that it had thirty days from the time of the service of the papers on the secretary of state; and the Wisconsin counsel, in his affidavit, states that in the hurry and press of business he hurriedly read the letter, and obtained therefrom the impression that there was thirty days still left in which to make answer. Thereupon, acting for the defendant, he retained W. F. Burnett of Dickinson to defend such action, stating in a letter to Burnett that he understood the last day for answering was August 10th. Burnett corroborates the above regarding his having been retained, and states that he was advised by defendant's Wisconsin counsel "that the time for answering would expire on August 10, 1912, and that affiant relied on said information, and further states that he received no information whatever from T. F. Murtha, or anyone else, as to when the time for answering expired, other than the information received in said letter." It is true that plaintiff and his stenographer, one Sturgeon, made affidavits, which were used on the motion, disputing Burnett's affidavit

upon the point last mentioned, and plaintiff and his stenographer each swear that Burnett was informed within a week after July 15th, of the date of the service of the summons and complaint upon the secretary of state. While the preponderance of proof would thus appear to be in plaintiff's favor on this point, we cannot say that the trial court clearly abused its discretion in determining, in defendant's favor, the disputed question of fact thus presented.

But appellant contends that § 6884, Rev. Codes 1905, authorizing the court to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, or excusable neglect, does not permit such relief to be granted where the mistake, inadvertence, surprise, or excusable neglect was that of counsel instead of the party asking such relief. This statute was before us for construction in Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A. (N.S.) 858, 126 N. W. 102, and we there approved the rule of the Minnesota supreme court "that where the answer discloses a good defense upon the merits, and a reasonable excuse for delay occasioning default is shown, and no substantial prejudice appears to have arisen from the delay, the court should open the default and bring the case to trial." Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248. We there also announced the law generally applicable to such motions for relief; and in the second paragraph of the syllabus the following language is used: "In a case in which a party to an action employs counsel of good reputation and large experience, the neglect by such counsel of matters necessary to the ordinary procedure of the case is a 'surprise' to the party, within the meaning of the statute, entitling him to relief in such case." We think the facts in the case at bar bring the case fairly within the rule in the Branden Case. Appellant criticizes the Branden opinion, intimating, at least, that the court went to the extreme limit in announcing the rule of that case. Conceding, for the purposes of the case at bar, that such criticism is well-founded, it should be observed that the facts disclosed by the record now before us materially differ from those in the Branden Case in at least one important particular. In the case at bar we are asked to reverse an order relieving a party from default and permitting a trial on the merits, while in the Branden Case the trial court refused such relief, and we were asked to and did reverse such order as a clear abuse of discretion.

Had the trial court refused relief to defendant in the case at bar, and such defendant were here asking a reversal, plaintiff would stand in a more advantageous position than he does on this appeal.

Order affirmed.