## LOUISE ZELL v. FRIEND-CROSBY & COMPANY AND ANOTHER.[1]

July 18, 1924.

No. 24,018.

**Proof of service of notice of trial on absent parties necessary.**

1. A party litigant is not entitled to proceed to trial in the absence of proof of service of notice of trial upon parties who have appeared.

**Discretion of court not abused.**

2. Record examined and *held* that the trial court did not abuse its discretion in relieving parties defendant from default, and permitting one defendant to answer, and as to both defendants permitting a trial upon the merits.

[1]Reported in 199 N. W. 928.

Action in the district court for Hennepin county to recover $3,000. The case was tried before Salmon, J., who when plaintiff rested, defendants not appearing, granted plaintiff's motion for a directed verdict for the amount demanded. From an order, Baldwin, J., granting defendants' motion to vacate the default judgment and granting defendants the right to defend against the action, upon terms. plaintiff appealed. Affirmed.

*E. E. Watson, L. H. Erickson* and *C. E. Warner*, for appellant.
*George F. Sullivan*, for respondents.

WILSON, C. J.

This is an action to recover $3,000 damages to an automobile truck resulting from the alleged negligent operation of an automobile owned by defendant, Friend-Crosby & Company, a corporation, which was operated by its employe, defendant Murphy. Summons was personally served on Murphy who was a resident of South Dakota, and personal service was made on one of the officers of the corporation.

Defendants employed Joseph J. Moriarty as their attorney in the case. In October, 1923, he served a demand and affidavit for a change of venue from Hennepin county to Dakota county wherein the corporation resided. He did not file the original with proof of service. He served a separate answer for defendant Murphy before serving the joint demand for change of venue, but failed to serve any answer for the corporation. The Murphy answer gave his counsel's office address as 305-306 Zenith building, Fourth and Robert streets, St. Paul, Minnesota, and the demand for change of venue gave his office address as Shakopee, Minnesota.

A note of issue in the form used in Hennepin county was directed to Mr. Moriarty as attorney for defendant Murphy only, and was served upon him September 29, 1922, and filed with the clerk of the district court October 4, 1922. This notice embraces the elements of a notice of trial. It was never served upon defendant corporation nor upon its counsel as such.

The action, being on the calendar pursuant to said note of issue, was called for trial on November 5, 1923. Defendants did not ap-

pear and the clerk of court 'phoned the defendant corporation, advising that the action was then for trial, but it did not then ask for a continuance or in any manner appear. The court waited until 11:05 a. m. and then permitted plaintiff to try the case with defendants in default. Plaintiff introduced her evidence, and, though an action for damages sounding in tort, the court then directed a verdict for the full amount of plaintiff's claim. This should not have been done.

On December 27, 1923, defendants employed another attorney who, upon the record and upon affidavits, moved the court, upon notice, for an order vacating the judgment and permitting defendant corporation to interpose an answer and to relieve both defendants from default so that they might defend in said action. From the order granting this motion plaintiff has appealed.

Appellant now claims that the facts do not warrant the court in granting this relief and that it abused its discretion in granting the motion.

The defendant corporation by their demand for a change of venue made a general appearance in this action. 1 Dunnell, Minn. Dig. § 479. Having made such appearance, it was entitled to notice of all subsequent proceedings therein. Section 7742, G. S. 1913. In the absence of such notice plaintiff was not entitled to proceed with the trial as against the corporation.

The motion being based upon the record as well as the affidavits, the court was justified in granting the relief sought by defendant corporation.

Chapter 6, p. 18, Laws of 1917, provides that in counties such as Hennepin, cases shall be set for trial pursuant to note of issue filed and the clerk of the district court "shall notify all counsel in said cause by mail of the date of such setting." Murphy's counsel did not receive this notice. A congested calendar that delayed the case being reached for about one year, is an excuse on the one hand and a demand for greater vigilance on the other. The failure to receive this notice may have been a sufficient reason in the judgment of the trial court to excuse the inactivity of counsel.

But, aside from lack of such notice, it is the law that where an answer discloses a good defense upon the merits, and a reasonable excuse for delay occasioning the default is shown, and no substantial prejudice appears to have arisen from the delay, a court should open the default and let the case be tried upon the merits. Barrie v. Northern Assurance Co. 99 Minn. 272, 109 N. W. 248. In order that cases may be tried upon the merits, and that parties may not lose their day in court, the courts are liberal in relieving a defendant of default, if reasonable excuse is shown and he appears to have a meritorious defense. Slatoski v. Jendro, 134 Minn. 328, 159 N. W. 752; J. I. Case Thresh. Mach. Co. v. Bielejeski, 147 Minn. 69, 179 N. W. 638. Such right is not absolute. It is a discretionary matter. If that discretion is not abused the order of the trial court will not be reversed. Appellant finds support in John T. Noye Mnfg. Co. v. Wheaton Roller Mill Co. 60 Minn. 117, 61 N. W. 910, but that case has been termed extreme in Dr. Shoop Family Medicine Co. v. Oppliger, 124 Minn. 535, 144 N. W. 743, and this court has declined to extend its doctrine.

This case is not free from doubt, but the court made a conditional order requiring defendants to pay to plaintiff's attorneys $250, and we are of the opinion that under the facts and circumstances the trial court did not abuse its discretion. Perhaps we should add that in so holding we do not wish to be understood as giving our approval to the apparent negligent lapse of memory on the part of the defendants' counsel in relation to an important professional duty. To make mistakes is human, but a lawyer must always be vigilant as to the running of time for the doing of a particular act in his professional duty. It is with sincere regret that necessity requires us to put on record such an incident, which, while not involving moral turpitude, tends to bring the legal profession into disrepute.

Affirmed.