## CHÁMBER OF COMMERCE OF MINNEAPOLIS v. GUY A. THOMAS AND OTHERS.[1]

May 20, 1927.

No. 25,976.

**Vacating judgment was not an abuse of judicial discretion.**

Under the facts stated in the opinion the trial court did not abuse its discretion in opening a judgment and allowing the defendant to answer.

Judgments, 34 C. J. p. 365 n. 67; p. 369 n. 68.

Plaintiff appealed from an order of the district court for Hennepin county, Dickinson, J., granting the motion of the defendant Stenger to set aside a judgment and permit him to answer. Affirmed.

*Lancaster, Simpson, Junell & Dorsey,* for appellant.

*Oscar Hallam,* for defendant Stenger.

DIBELL, J.

The plaintiff appeals from an order of the district court of Hennepin county granting the motion of the defendant Edward Stenger to set aside a judgment and permit him to answer.

The action was commenced on June 29, 1925. There was no answer. On July 6, 1926, a judgment was entered for $8,550.85 against defendants Thomas and Stenger, of which the defendant Stenger

[1]Reported in 214 N. W. 57.

did not have actual notice until August 17, 1926, when action was brought upon it in South Dakota where he lived. He then moved with promptness to vacate it and for leave to answer.

The only question is whether the defendant was guilty of such negligence after the service of the summons on the 29th day of June, 1925, that the court was in error in granting him relief. The action was to recover for heat and hot water furnished by the plaintiff for use in a building of which the defendant had at one time an assignment of a leasehold. The answer states a good defense.

The excuse of the defendant for not answering was that Vogel, his codefendant, who was served at the same time and who was in some way interested with him, undertook to see that the action was defended, and that he, Vogel, was taken sick afterwards and for that reason overlooked the matter. The entry of judgment was delayed for a year, and during much of that time it is claimed that Vogel was unable to attend to business.

No rule has been formulated determining the precise circumstances under which relief from default should be granted or refused. Many factors enter and to a considerable extent each case depends upon its own facts, and much is left to the discretion of the trial court. We note as tending in some measure to support the order Dr. Shoop Family Medicine Co. v. Oppliger, 124 Minn. 535, 144 N. W. 743; Flanery v. Kusha, 147 Minn. 156, 179 N. W. 902; First Tr. & Sav. Bank v. U. S. F. & G. Co. 156 Minn. 231, 194 N. W. 376; Zell v. Friend-Crosby & Co. 160 Minn. 181, 199 N. W. 928; Hasara v. Swaney, 161 Minn. 94, 200 N. W. 847. The plaintiff relies particularly upon McClure v. Clarke, 94 Minn. 37, 101 N. W. 951. It is forceful in support of its claim but not controlling as a matter of law. The case of John T. Noye Mfg. Co. v. Wheaton R. M. Co. 60 Minn. 117, 61 N. W. 910, also relied on, has been criticized often in its application of the law to the facts there presented. It was within the fair discretion of the trial court to permit the defendant to answer.

Order affirmed.