# IN RE ESTATE OF THOMAS BARLOW WALKER.
## H. V. MERCER, APPELLANT.[1]

May 8, 1931.

No. 28,369.

[1]Reported in 236 N. W. 485.

*Stiles & Stiles* and *E. J. Lien,* for appellant.

*Brill & Maslon,* for executors of estate of Thomas B. Walker, respondents.

HOLT, J.

The appeal is from the order denying a new trial.

The practice here pursued is not to be commended. The large amount involved may furnish some excuse. Appellant, H. V. Mercer, filed a claim in the probate court of Hennepin county against the estate of Thomas Barlow Walker, deceased, for legal services in a suit for an accounting brought by Walker, wherein the representatives of the estate of Healy C. Akeley, Walker's partner, who died in 1912, and the sole heir, Mrs. Quirk (Patterson), were defendants. The claim as allowed now exceeds $80,000. No objections thereto having been filed and no one appearing on the day set for the hearing of claims, it was allowed as on default. Within nine months the executors applied to the probate court to set aside the allowances and permit them to file objections and contest the claim. From the order granting the application Mr. Mercer appealed to the district court. There a trial de novo was had upon oral testimony, and findings of fact and conclusions of law were made affirming the order of the probate court. This decision was in fact an order and appealable as such. It neither directed nor contemplated the entry of judgment. The legal effect was to remit the matter to the probate court for a trial of the claim as that court had ordered. Instead of appealing from such determination of the district court, stays were procured and a motion for amended findings

or a new trial was made and heard, and from the order denying the same this appeal is taken. The procedure after the filing of the findings in the district court may be regarded as an application, timely made and entertained, to vacate the decision. It was entirely unnecessary for a review in this court of the action of the district court affirming the order of the probate court.

Claims against estates of deceased persons filed and allowed in the probate court have the status of judgments. G. S. 1923 (2 Mason, 1927) § 8816. After the time to appeal therefrom has elapsed and want of jurisdiction does not affirmatively appear upon the face of the record, they are final and conclusive, unless cause is shown for relief under G. S. 1923 (2 Mason, 1927) § 9283. This section applies as well to orders and judgments of the probate court as to those of the district court. G. S. 1923 (2 Mason, 1927) § 8701; Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029; In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68; In re Estate of Holum, 179 Minn. 315, 229 N. W. 133. In this instance the application was made within the time provided in § 9283 and upon the grounds therein stated, namely, that the executors failed to file objections through inadvertence and excusable neglect and on the ground among others that the court allowed the claim through inadvertence. There is no need here of citing the many authorities in this state holding that the vacation of a judgment or order entered as on default, when made upon the grounds and within the time provided by § 9283, rests largely in the sound judicial discretion of the trial court. They may be found under the annotations Nos. 50 and 51 to the section in 2 Mason, 1927.

To show that the court exercised judicial discretion properly in opening the default so as to allow the claim to be tried on its merits it is not necessary to go extensively into details. But the main facts must be stated. Thomas Barlow Walker died testate, a resident of Hennepin county, on July 28, 1928. Immediately steps were taken to probate his estate, the executors employing the law firm of Brill & Maslon to do the legal work connected therewith, Mr. Brill assuming personal charge thereof. Notice to creditors was

published and May 6, 1929, set for hearing of claims. Of the executors, Archie D. Walker, who for some years has kept in close touch with his father's business and had most to do with the corporations which deceased and his family controlled, took the active charge of the affairs of the estate. The deceased was a man of great wealth, much of which was devoted to public uses. Upon inquiry made of Archie Walker, Mr. Brill was informed that there were no claims against the estate, save that of a family corporation, the amount of which was stipulated and filed. Mr. Mercer filed his claim April 19, 1929, and, there being no objections thereto filed and no appearance by the executors or their attorneys, on May 6, 1929, the day set for hearing, the claim was allowed as on default. Neither the executors nor their attorneys had actual notice of the existence, filing, or allowance of the claim until February 4, 1930. The next day the move was made to vacate the judgment allowing the claim and for leave to file objections and contest it. The attorneys confess to inadvertent neglect, but claim it excusable even as to them because of the information that no claims but one existed, and also because of the inadvertent omission, due perhaps to inexperience in probate practice, of not noting on their office docket the date set for hearing of claims.

The law is fairly well established in this state that courts will relieve clients from the consequences of their attorneys' inadvertent neglect when it can be done without substantial prejudice to the party affected. In this case it clearly appears that any claim which Mr. Mercer can by proper evidence establish against the estate will be paid without fail. The rule above stated applies to default judgments and should especially apply where, upon the face of the claim or demand, as will be presently shown, it is one that should not have been allowed or put in judgment without the taking of testimony and judicial consideration. We need cite only a few of our decisions: Hildebrant v. Robbecke, 20 Minn. 83 (100); White v. Gurney, 92 Minn. 271, 99 N. W. 889; Slimmer v. State Bank, 122 Minn. 187, 142 N. W. 144; Rodgers v. U. S. & Dom. L. Ins. Co. 127 Minn. 435, 149 N. W. 671; Hasara v. Swaney, 161 Minn. 94, 200 N. W. 847.

In determining whether relief should be granted under said § 9283, consideration should be given to the claim put in judgment and the proposed defense thereto. Where the claim on its face indicates lack of merit in whole or in part, or is itself suggestive of legal and meritorious defenses, the courts are and should be inclined to give defendants their day in court.

The claim of Mr. Mercer covers 12 pages of the printed record, and only enough of the substance thereof should here be stated to indicate what it is. It sets out that the deceased was for many years managing the firm of Walker & Akeley, a partnership composed of the deceased and Healy C. Akeley, until the latter's death in 1912; that it became the duty of Walker to close up the partnership; that a dispute arose between Walker and the representatives of the Akeley estate, including his daughter, Mrs. Quirk (Patterson) which culminated in an action brought by Walker against the representatives of the Akeley estate and Mrs. Quirk (Patterson); that Mrs. Quirk (Patterson) caused the Red River Lumber Company, a Walker corporation with whom the partnership had had dealings, to become an intervener; that in the action "it was then arranged between said parties that the counsel of the defendant Quirk should be permitted to handle the firm affairs to the extent necessary to see that everything was brought out that would be necessary to make the accounting of said plaintiff and said intervener complete, and likewise to protect her interest, and that counsel for the plaintiff should be permitted to represent the plaintiff and the Red River Lumber Company"; that plaintiff and intervener were so represented in a very lengthy trial in the district court and on appeal to this court; that Mr. Mercer worked 770 full days in the litigation, which work was of the reasonable value and agreed price of $77,000, upon which is offset $17,000 to be charged against Mrs. Quirk, and the balance, $60,000 with interest from July 1, 1924, constitutes the claim that was allowed.

The litigation need not further be referred to, for a sufficient statement of the matter involved and the result is set forth in the opinion of this court in Walker v. Patterson, 166 Minn. 215, 208

N. W. 3, 7. That this claim of Mr. Mercer should not have been allowed as on default is apparent from what already has been recited and also from this statement therein:

"That under the arrangement for and the performance of the services aforesaid and the principles applicable to such funds, the fees of affiant should be paid out of said partnership estate by said deceased as surviving partner thereof, if the estate is sufficient, and the balance, if any remains after the partnership funds are entirely paid out, should stand as a claim to the extent of one-half thereof against the private estate of the deceased."

A mere inspection of the claim suggests defenses that might be meritorious. As to the proposed objection which the courts below permitted to be filed, it will suffice to state that any agreement or arrangement for or on behalf of the deceased, or of the partnership of Walker & Akeley, or of Red River Lumber Company, for Mr. Mercer's services in the litigation, is denied. There are also allegations in the objections which challenge the legal sufficiency of the claim as a claim against the estate of Walker and the jurisdiction of the probate court to allow it—matters not involved on this appeal.

To avoid the rule that courts relieve clients against the inadvertent neglect of their attorneys an effort was made to prove that Archie D. Walker had knowledge of the claim or had been informed that Mr. Mercer would seek pay for his services out of the funds brought by the litigation to the partnership of Walker & Akeley, and hence the executors cannot claim their attorneys' inadvertent neglect to be in law excusable. However, whether a default should be opened when caused through inadvertence or negligence of either the party defaulted or his attorney rests largely in the sound judicial discretion of the court. First T. & S. Bank v. U. S. F. & G. Co. 156 Minn. 231, 194 N. W. 376. Archie D. Walker's testimony is that he first heard of Mr. Mercer's claim on February 4, 1930; that he was intimately connected with the litigation of Walker against Akeley's representatives and Mrs. Quirk (Patterson) which

suit was begun more than 15 years ago and ended with the decision in this court in 1926 and wherein Thomas Barlow Walker, as plaintiff, and the intervener, Red River Lumber Company, were represented by Judge Rockwood and Mr. John R. Ware, and Mr. Mercer represented Akeley's sole heir, Mrs. Quirk (Patterson); that Mercer rendered no services for either plaintiff or intervener or the partnership of Walker & Akeley; that he never had presented a bill for his services to the witness' knowledge; that after the litigation ended and a settlement was being effected with Mrs. Quirk (Patterson) and in January, 1927, a letter from John R. Ware came to the office of the Red River Lumber Company, which office was also shared by the deceased, in which the attorney stated that the title to lands obtained from Mr. Mercer's client in the settlement might have to be defended against his fees for services, since at the trial he had announced that he was being paid on a per diem basis, and,

"after the decree, when it developed that defendant was to have no affirmative recovery, he claimed that the entire assets in the hands of the surviving partner were a trust fund, and that out of this fund should be paid the costs of litigation, including his fees, particularly since he assumed to act on behalf of the co-partnership. With reference to the land and contracts, your position would be no different before settlement than after, but you might be prejudiced to the extent of the thousand dollars you propose to pay defendant, in that you might have to pay it over again to her counsel because of his attorney's lien."

Archie D. Walker was in California when the letter came to the office of the Red River Lumber Company and claims not to have seen it until after February 4, 1930. Thomas B. Walker or his son, the executor Gilbert Walker, who then were both living, undoubtedly saw it. However this letter conveyed no notice to either lawyer or layman that Mr. Mercer might ever attempt to assert a claim for compensation for his fees against Thomas B. Walker personally or file one against his estate. Much is made of the affirmative answer to this question asked of Mr. A. D. Walker on cross-examination:

"Now, I am asking you to say that with this letter and this information here conveyed to you by Mr. Ware and your counsel, did you take the position on reflection coldly and on your own responsibility to ignore the claim of Mr. Mercer as unworthy of serious consideration?"

Plainly the trial court could well find that the witness was giving his opinion as to his conclusion respecting the claim stated in the letter when he discovered it after February 4, 1930.

Appellant confidently plants himself on the decisions in In re Kidder's Estate, 53 Minn. 529, 55 N. W. 738, and John T. Noye Mfg. Co. v. Wheaton Roller-Mill Co. 60 Minn. 117, 61 N. W. 910, and contends that thereunder no excusable inadvertence or negligence was shown authorizing the exercise of judicial discretion. Since the decision of the Kidder case no controversy upon facts sufficiently similar has arisen for the application of that case or its citation as an authority. There an heir, who desired the vacation of a claim which had been allowed, apparently after a hearing, had employed no attorney. He knew of the time of the hearing of claims and offered as his only excuse for his absence that he had had confidence in the administrator, who was an uncle, that he would administer the estate justly and honestly, and characterized the claim of his uncle, which was the one filed and allowed, as fraudulent without stating facts. The Wheaton Roller-Mill case, 60 Minn. 117, 61 N. W. 910, was referred to in Walsh v. Boyle, 94 Minn. 437, 439, 103 N. W. 506, 507, as "a rule of law applicable to the facts in that particular case only, and is not to be extended." And we quote from Dr. Shoop F. M. Co. v. Oppliger, 124 Minn. 535, 536, 144 N. W. 743, 744:

"The case of John T. Noye Mfg. Co. v. Wheaton Roller-Mill Co. 60 Minn. 117, 61 N. W. 910, must be regarded as extreme when the ground upon which it is placed is considered. It should not be further extended."

Chamber of Commerce v. Thomas, 171 Minn. 327, 214 N. W. 57, to say the least, throws doubt upon its soundness. In our judgment it would require a considerable extension of both of the two cases

appellant so strongly invokes to cause a reversal of the order here involved.

Without objection the judge of probate who signed the order allowing this claim testified that the practice in that court is to call the calendar of the estates on the day set for hearing of claims therein and to announce that in the estates where claims have been filed all such claims to which no objections have been filed be allowed as a matter of course; and if there is no response as the calendar is called, the same is turned over to the clerks who write up the orders allowing the claims to which no objections have been made, and then the judge signs the orders without looking at them. With such claim as Mr. Mercer's, which calls for an allowance of only half of what was allowed, the judgment in the form entered is not far from disclosing an inadvertent clerical mistake requiring its vacation. But it is not necessary so to decide, for, considering that the executors had employed reputable attorneys to probate the estate; that these executors had no actual knowledge of the filing or allowance of the claim; that the claim was allowed as upon default when on its face it was one that should not have been allowed without proof; and that the proposed objections of the executors raise apparently meritorious defenses, we are of the opinion that the court rightly concluded that the inadvertent neglect of the attorneys of the executors was excusable, and judicial discretion was properly exercised in opening the default and permitting objections to the claim to be filed, to the end that the probate court may try and determine the same on its merits. Upon this record it is not perceived how sound judicial discretion could have refused the relief granted.

The order is affirmed.